# Cairo and St. Louis Railroad Company

### *v.*

## John Killenberg.

1. Garnishee—*answer considered as true until disproved.* The answer of a garnishee, until it is contradicted or disproved, must be considered as true. If judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable, or he will be discharged.

2. Same—*not liable if certificate of indebtedness has been given to debtor and sold by him.* Where a railroad company issues to its employees certificates of indebtedness, and is afterwards garnisheed on account of such indebtedness, it will not be liable if the payees of the certificates have sold the same before the service of garnishee process, notwithstanding such certificates are not negotiable in law.

Appeal from the Circuit Court of St. Clair county; the Hon. William H. Snyder, Judge, presiding.

Messrs. Searls & Millard, for the appellant.

Mr. William Winkleman, for the appellee.

Mr. Chief Justice Sheldon delivered the opinion of the Court:

The only question here presented for determination is, whether the appellant, the Cairo and St. Louis Railroad Co., is liable as the garnishee of Thomas Gorman.

The facts are, that on March 17, 1875, judgment for $41.10 was entered, by a justice of the peace of East St. Louis, in favor of the appellee, John Killenberg, against Gorman. On the same day an execution was issued upon the judgment, returned "no property found," and a garnishee summons issued to the railroad company, returnable on the 23d of March, which was returned served. The railroad company not appearing on the return day, a conditional judgment was entered against it for $47.55. A *scire facias* was then issued, and returned served upon the railroad company, and, it not appearing upon the

return day, March 29, an absolute judgment was entered against it for $47.55.

From this judgment the company appealed to the circuit court of St. Clair county, where a trial was had at the September term, 1875, resulting in a verdict and judgment against the railroad company, in favor of Killenberg, for $47.55.

The railroad company appeared in answer to the garnishee proceeding, for the first time, upon the trial in the circuit court, and then its cashier, E. S. Sargent, on its behalf, gave testimony that, at the time of the service of the garnishee summons, the railroad company was not indebted to Gorman, as he understood it, and had not been indebted to him from that time to the time of trial, and that the company had nothing in their possession belonging to him that he knew of. Upon this testimony, which was given by the witness upon his examination in chief, and to be taken as the answer of the railroad company, the company was entitled to be discharged as garnishee, unless the testimony was overcome by contradictory evidence of indebtedness. The answer of a garnishee, until it is contradicted or disproved, must be considered as true. If judgment is demanded upon the answer, it must clearly appear therefrom that the garnishee is chargeable, or he will be discharged. *The People* v. *Johnson*, 14 Ill. 342, *Kergin* v. *Dawson*, 1 Gilm. 86. There was no contradictory proof attempted to be made, further than by the cross-examination, by the plaintiff, of this same witness. He testified, on cross-examination, that the company and Gorman settled on the 12th of March, 1875, and the company gave him, in full of their indebtedness to him, two certificates, one of which is as follows:

No. ——             Time Check.

### Cairo & St. Louis Railroad Company.

This certifies that Thomas Gorman has worked twenty-three and one-half days in the month of January, 1875, as boiler cleaner on ——, at $1.75 per day, amounting to forty-one dollars and twelve cents.......................... $41 12
Deduct board at ——.............................. —— ——

Deduct money and goods advanced.................  — —
Balance due, forty-one dollars and twelve cents...... $41 12
    Due when January roll is paid.
            (Signed)                        R. N. Clark,
                                                *Cashier.*

Endorsed as follows:
    Thos. Gorman,
    John Walker, No. 318 Olive street.

The other was similar, except it was for $49 for 28 days work, in February, 1875, and bore the endorsement "Benj. Walker," instead of "John Walker." The witness stated that this was the usual course, at that time, of the railroad company in paying off men. The company, having no ready money, gave this paper to the men in payment, and they went into the market and sold it, it being negotiable in fact and salable in St. Louis, where the transaction was had; that Gorman wanted means, and took the time checks instead of money and sold them; that these time checks given to Gorman were presented for payment by Benjamin Walker, who bought them from Gorman; that Walker kept a pawnbroker's establishment on Olive street, St. Louis, and bought many of the checks; that these two were paid by the company to Walker, the one for January, March 27, 1875, and the one for February, May 4, 1875.

It is not perceived that this evidence on cross-examination disproves the testimony in chief, or shows clearly that the garnishee was chargeable. True, these certificates of indebtedness were not negotiable in law, as they were not payable at a time certain, but only when the January and February rolls were paid, a contingency which might never happen. Yet, they might be sold and the equitable interest in them passed to a purchaser. The turning point, as to the company's liability or non-liability as garnishee of Gorman, was the time at which Gorman sold the certificates. If he had sold them before the service of the garnishee summons, then the company rightly made the payment to Walker, the purchaser, and were not liable as the garnishee of Gorman. But if the sale of the certificates was after the service of the

garnishee summons, then the company, at the time of such service, would have been indebted to Gorman and liable as garnishee. Had the evidence elicited on the cross-examination gone to the extent of showing that these certificates were sold by Gorman after the service of the garnishee summons, then it might be considered as overcoming the testimony in chief, and showing a liability as garnishee. But it fell quite short of this. The certificates were issued March 12, the garnishee summons was issued March 17, and returned served March 23, the day of service not appearing. Gorman appears to have been in straitened circumstances; the certificates which were sold by him and paid to the purchaser were introduced in evidence, bearing upon them the endorsement of Gorman in blank. All this quite consists with the fact that the certificates were disposed of by Gorman before the garnishee summons was served, and, indeed, conduces to the proof thereof.

We think, upon the evidence adduced, the garnishee should have been discharged.

The judgment will be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER: I am unable to concur in this opinion or the judgment rendered herein.