# CASES

# APPELLATE COURTS OF ILLINOIS.

## FIRST DISTRICT—OCTOBER TERM, 1882.

---

CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY

COMPANY

v.

J. K. MASON, use, etc.

1. GARNISHMENT—ANSWER BY CORPORATION.—A corporation summoned as garnish e may answer in writing under its corporate seal and the hand of its chief executive officer, but such answer should be sworn to by some proper officer.

2. GARNISHEE SHOULD CLAIM EXEMPTION FOR DEBTOR.—If the debtor is the head of a family and entitled as such to certain exemptions, it is the duty of the garnishee to set up such fact in the answer and claim the exemption for the debtor.

3. FORM OF JUDGMENT.—In cases of judgment against a garnishee, the judgment should be in the name of the defendant in the writ, against the garnishee.

APPEAL from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding. Opinion filed Oct. 26, 1882.

Mr. THOMAS F. WITHROW and Mr. JAMES C. HUTCHINS, for appellant; that a corporation can only answer a bill under its common seal, cited Angell and Ames on Corporations, § 665; 1 Daniell's Chancery Pr. 146; Haight v. Morris Aqueduct, 4 Wash. C. C. 601; Planters, etc. Bank v. Leavens, 4 Ala. 753.

If a discovery is desired, even the officers who signed the answer can not be compelled to swear to it: 1 Daniell's Chancery Pr. 735; Bromly v. Westchester Mfg. Co. 1 Johns. Ch.

363; Branch Bank v. Poe, 1 Ala. 396; Oliver v. C. & A. R. R. Co. 17 Ill. 587; B. & O. R. R. Co. v. Gallaher, 12 Gratt. 66; Co nmercial Ins. Co. v. Mehlman, 48 Ill. 313; Head v. Merrill, 34 Me. 586.

It is the duty of the garnishee to claim the exemption for the debtor: C. & A. R. R. Co. v. Ragland, 84 Ill. 375; Lock v. Johnson, 36 Me. 464; Winterfield v. Ry. Co. 29 Wis. 589; Cooper v. McClun, 16 Ill. 435; Bliss v. Smith, 78 Ill. 359; Drake on Attachment, § 639.

The burden of disproving the answer is on the plaintiff: Rippen v. Schœn, 92 Ill. 229; Kergin v. Dawson, 1 Gilm. 86; Ill. Cent. R. R. Co. v. Cobb, 48 Ill. 402; Drake on Attachment, § 651; Chanute v. Martin, 25 Ill. 63.

The judgment is erroneous in form: Webster v. Steele, 75 Ill. 544; Stahl v. Webster, 11 Ill. 511.

It was error to render judgment against the garnishee for costs in excess of the funds in its hands: Lucas v. Campbell, 88 Ill. 447; Prout v. Grout, 72 Ill. 457; Drake on Attachment, § 602.

Mr. N. H. HANCHETTE, for appellee; that the answer should be sworn to by some officer of the corporation, cited Oliver v. C. & A. R. R. Co. 17 Ill. 587.

The burden of proving an exemption lies on him who asserts it: Barnes v. Rogers, 23 Ill. 350; McMaster v. Alsop, 85 Ill. 157.

A party who makes an affirmative allegation must maintain it by superior proof: 1 Greenleaf's Evidence, § 74; 1 Best on Evidence, 501; Watt v. Kirby, 15 Ill. 200; Stevenson v. Maroney, 29 Ill. 532; Union Nat. Bank v. Balderwick, 45 Ill. 375; Bonnell v. Wilder, 67 Ill. 327.

McALLISTER, J. This was an attachment suit, brought in justice's court, by Mason against McCaffery; and, in order to reach McCaffery's wages, owing to him by the appellant corporation, the latter was summoned as garnishee. On appeal to the superior court the appellant corporation, amongst other things, filed an answer in writing, under its corporate seal, and the hands of its president and secretary, and verified

C., R. I. & P. R'y Co. v. Mason.

by the oath of its local treasurer, in and by which it admitted an indebtedness to McCaffery of forty-six dollars and twenty cents, for wages due for his services in the employment of said company, but also stated and charged upon information and belief that McCaffery was the head of a family, and residing therewith; and claimed that such wages, being less than fifty dollars, were exempt by law. The plaintiff's counsel moved the court to strike said answer from the files, on the specific ground that it was in writing, and plaintiff was entitled to an oral answer. The court, against the objections of appellant, ordered the answer stricken from the files. In determining as to the propriety, or otherwise, of that ruling, two questions arise: First, was it proper practice for the appellant corporation to answer in that manner? Secondly, was the matter of the answer sufficient to discharge appellant as such garnishee? First, then, as to the manner. It is true that section six of the garnishment act declares that, "when the proceeding is before a justice of the peace, it shall not be necessary to exhibit or file interrogatories in writing, but the garnishee may be examined orally, touching the personal estate, etc., of the defendant," etc.

When the garnishee is a natural person, it would seem that the plaintiff, by refraining from filing interrogatories in writing, may impose upon the garnishee the necessity of submitting to an oral examination under oath, as an indispensable condition to answering at all. That is precisely what the plaintiff below insisted upon in this case, viz., that he was entitled to an oral examination of the garnishee, and the latter must yield him that right as a condition to any answer in the case. The garnishee, in this case, is a corporation aggregate; and is, in the language of Chief Justice Marshall in the Dartmouth College case, "an artificial being, invisible, intangible, and existing only in contemplation of law." How could such a being come into court and be examined orally touching anything? The thing being impossible, this is a proper instance for the application of the maxim, *Lex non cogit ad impossibilia:* Coke's Littleton, 2.316; Broom's Legal Maxims,* 238. A literal compliance being impossible, the end of the statute must be attained in some other mode.

Under such circumstances it seems to be the most consistent rule, to allow such corporation to answer as garnishee in writing, under its corporate seal and the hand of its chief executive officer, without the oath of any one, as in the analogous case of answering to a bill in chancery. Angell & Ames on Corp. § 665; 1 Daniell's Ch. Pr. 146, Id. 735, n. 2; Haight v. Morris Aqueduct, 4 Wash. C. C. Rep. 601. And very respectable courts have held to that view. B. & O. R. R. Co. v. Gallaher, 12 Grattan, 66; Planters & Merchants Bank v. Leavens, 4 Ala. N. S. 753.

But upon the question whether an answer in writing under the hand of a chief executive officer and the corporate seal, would be sufficient without being sworn to this court is bound by the authority of the case of Oliver v. The Chicago & Aurora Railroad Co. 17 Ill. 587. The point was directly decided. The court say: "The answer was signed by Mr. Hall, the secretary and treasurer of the company, and under its corporate seal, but was not sworn to by any one. This was not a compliance with the statute that requires the answer to be sworn to in all cases. In this case it is true, the corporation could not in person, swear to the answer, but it could have been sworn to by the proper officer or agent of the company, knowing the facts, which would have been a substantial compliance with the statute."

We are inclined to the opinion, that under the practice in this State, an answer in writing though not under the corporate seal, would be regarded as a substantial compliance with the statute, if sworn to, as above directed. So, also, would an oral answer through some authorized officer or agent of the company, having cognizance of the facts as in the case of Cairo, etc. R. R. Co. v. Killenberg, 82 Ill. 295, where the company appeared in answer to the garnishee proceeding by its cashier, who answered orally.

We are therefore of the opinion, that as regards mode and manner, the answer stricken out was authorized by law. If the court should strike a plea of a defendant from the files, on the motion of the plaintiff, the question whether that was error or not would depend on the conclusion, whether or not such plea set up a good defense. So here—and the proper test

would seem to be: was the matter of the answer considered by itself and uncontroverted, sufficient to require the discharge of the garnishee? In the case last above cited, the rule is re-affirmed. That if judgment is demanded upon the answer, it must clearly appear therefrom, that the garnishee is charge-able, or he will be discharged. We think that the answer having been stricken out upon the special objections that it was in writing, and that plaintiff was entitled to an oral ex-amination, which we have held not good, the answer as re-spects the matter of it, should be regarded in the same light as in a case where judgment has been demanded upon the answer; and that brings us to the question whether it was proper for the garnishee in this case, while admitting wages due to McCaffery, in the sum of $46.20, to set up upon infor-mation and belief, that he was the head of a family, and re-sided with the same, and claim for him the benefit of the statutory exemption, the facts being equally open to the plaintiff and the garnishee. The statute provides that, " the wages and services of a defendant being the head of a family, and residing with the same, to an amount not exceeding fifty dollars, shall be exempt from garnishment."

Now, the Supreme Court, in Chicago & Alton R. R. Co. v. Ragland, 84 Ill. 375, with the view, no doubt, of promoting the beneficient purposes of that statute, held, that when gar-nished for the wages of an employe, it was the duty of the railroad company to use diligence to ascertain whether such employe was the head of a family, and residing therewith; and if he were, to set up the facts, and claim the exemption for him; that the company failing in this, when the employe was such head of a family, it would remain liable to the em-ploye for so much of his wages as was exempt, although the company had paid the amount upon a judgment against it, in the garnishee proceedings. The logical inference from this decision is, that the railroad company may not only set up such matter of discharge in its answer, from such means of knowledge as are within its control, but that it *must* do so, under the penalty of a double liability. Indeed, the principle may be clearly traced through the cases in this State, under

this head, that when the garnishee admits that which, standing alone, would render him chargeable, he may introduce other matter, which shows that legally, or justly, he is not chargeable; and the whole must be taken together as the answer. Rankin v. Simonds, 27 Ill. 352; Wilhelmi v. Haffner, 52 Ill. 222; also, Cairo, etc. R. R. Co. v. Killenberg, *supra.*

We are of the opinion that it was error to order such answer stricken from the files.

The judgment below was given in the name and in favor of the *plaintiff* in the attachment writ, when, if any judgment against the garnishee was authorized, it should have been in the name of the *defendant* in such writ, against the garnishee. That was error which imperatively requires a reversal of the judgment. Webster v. Steele, 75 Ill. 544; Warne v. Kendall, 78 Ill. 598.

We do not regard it as our duty to discuss or pass upon all the points made by appellant's counsel, inasmuch as the two errors pointed out are such as to make a reversal inevitable.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.