DANIEL WELKER ET AL.

V.

FREDERICK HINZE ET AL.

</div>

1. AGENCY—PERSONAL LIABILITY OF AGENT.—Where a party undertakes to do an act as the agent of another and has no authority from the principal therefor, he will be personally responsible to the person with whom he deals. But the agent acting without authority would not be held personally liable under some circumstances when the want of authority was known to both parties or unknown to both parties.

Welker v. Hinze.

2. EQUITY JURISDICTION.—Where appellant, an employe of appellees, police commissioners, recovered a judgment at law against appellees, and appellees come into a court of equity claiming that the Police Act being declared unconstitutional, they, as agents, had no authority to bind the city, but were legally and personally liable on the contracts made by them, and that therefore equity should afford relief against such unjust judgment. *Held*, that if there was no personal liability resting on appellees they had as full opportunity to make that appear on the suit at law as in this suit. And as regards the question the matter is *res adjudicata.*

3. GARNISHMENT—EXEMPTION.—The employer, when garnished as the debtor of his employe for wages due him, he being the head of a family and residing with the same, is bound to set up that fact for such employe and claim the benefit of the exemption for him. If the employer fails to do so and loss results thereby, it should fall upon the employer.

APPEAL from the City Court of East St. Louis; the Hon. WILLIAM P. LAUNTZ, Judge, presiding. Opinion filed April 6, 1885.

Mr. FRANK B. BOWMAN, for appellant; as to garnishment proceeding, cited C. & A. R. R. Co. v. Ragland, 84 Ill. 375; C., R. I. & P. R. R. Co. v. Mason, 11 Bradwell, 525; Elder v. Frevert, 19 Reporter, 178.

Mr. E. R. DAVIS, for appellees; as to right to relief in equity, cited Gregg v. Brower, 67 Ill. 526; Abrams v. Camp, 3 Scam. 290; Vennum v. Davis, 35 Ill. 568.

BAKER, J. In 1879, Daniel Welker, an employe of the Metropolitan Police Commissioners of East St. Louis, recovered a personal judgment against appellees, such commissioners, before a justice of the peace, to the amount of $25 for services rendered. From that judgment an appeal was taken to the City Court of East St. Louis, but the appeal was afterward dismissed and a *procedendo* awarded. Thereupon an execution issued and was placed in the hands of constable White. Appellees then filed in the City Court of East St. Louis, this bill in chancery against said Welker and said White, appellants, and enjoined the collection of the judgment. At the January term, 1885, of the court, a final decree was entered making the injunction perpetual, and against appellants for costs.

The theory of the bill seems to be twofold. In the first place, it is admitted the Metropolitan Police Act for East St. Louis was unconstitutional and void (see Hinze et al. v. The People, ex rel., 92 Ill. 406), and that appellees had no authority as agents of the city of East St. Louis to bind it, and were, in a court of law, legally and personally liable on the contracts made by them. But it is urged, a court of equity has jurisdiction to afford relief against unjust judgments, and that it would be inequitable and unjust appellees should personally pay for services rendered for the city of East St. Louis as policeman.

It is the general rule, that where a party undertakes to do an act as the agent of another and has no authority from the principal therefor, he will be personally responsible to the person with whom he deals. But, the agent acting without authority, would not be held personally liable under some circumstances when the want of authority was known to both parties, or unknown to both parties. Story on Agency, section 265. If, under the circumstances of this particular case, there was no personal liability resting on appellees, they had as full opportunity to make that appear in the suit at law as in this suit. No fact or matter, as respects this ground of relief, is suggested by the bill or evidence that could not have properly been adjudicated in the suit before the justice. And so appellees have had their day in court as regards this question of personal responsibility, and the matter is *res adjudicata.* There is no merit in this branch of the cause.

The other ground upon which the bill is predicated, briefly stated, is that one Joyce recovered a judgment before a justice of the peace against Welker; that execution issued thereon and was returned " no property found;" that thereupon garnishee proceedings were instituted against appellees, who appeared and answered they were indebted to Welker in the sum of $25, and that judgment was entered against them in favor of Welker for the use of Joyce for $25, which judgment they afterward paid.

The fourteenth section of the Garnishment Act, as amended in 1879, provides that the wages and services of a defend-

ant being the head of a family, and residing with the same, to an amount not exceeding fifty dollars ($50), shall be exempt from garnishment. The answer and proofs show the Welker judgment was for wages and services, and that when they were rendered, and thence hitherto, Welker was the head of a family and residing with the same. The employer, when garnisheed as the debtor of his employe, for wages due him, he being the head of a family and residing with the same, is bound to set up that fact for such employe and claim the benefit of the exemption for him. C. & A. R. R. Co. v. Ragland, 84 Ill. 375; C., R. I. & P. Ry. Co. v. Mason, 11 Bradwell, 525.

Appellees neglected to perform this legal duty they owed their employe, and if a loss is occasioned by their fault it should fall upon themselves.

There is no equity in this case. The decree is reversed and the cause remanded, with instructions to dissolve the injunction and dismiss the bill at the cost of the complainants therein.

<div align="right">Reversed and remanded.</div>