## John Wohlford, for use of Bruce=Surles Company, Appellee, v. Wabash Coal Company, Appellant.

1. EXEMPTIONS—*how statutes construed.* Statutes giving exemptions to a debtor are to be liberally construed in his favor.

2. EXEMPTIONS—*when employer entitled to make deductions from wages.* An agreement by a debtor with his employer that such employer might deduct from his wages whatever sum might be due for supplies furnished, is valid and may be enforced by the employer as against a garnishing creditor.

3. EXEMPTIONS—*what cannot be deducted from, as allowed by statute.* Amounts which the employer has authority to deduct from the wages due to the debtor should not in turn be deducted from the amount of the exemptions allowed by statute.

Appeal from the County Court of Sangamon county; the Hon. J. B. WEAVER, Judge, presiding. Heard in this court at the May term, 1911. Reversed. Opinion filed October 20, 1911.

JOHN C. and JOHN P. SNIGG, for appellant.

ALONZO HOFF, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

The Bruce-Surles Company on April 5, 1910, recovered a judgment against John Wohlford, before a justice of the peace in Sangamon county, for $52.10. Execution was issued on this judgment and returned

*nulla bona.* In November and December, 1910, John Wohlford, the judgment debtor, was in the employ of the Wabash Coal Company. Demand was made, under the provisions of the statute, for payment on this judgment of all wages due Wohlford in excess of an exemption of fifteen dollars per week; this demand was made November 29, 1910, garnishment proceedings were instituted, and defendant served as garnishee, December 3, 1910; its answer disclosed that settlements were made with Wohlford on the fifteenth and thirtieth of each month; that the last settlement was made on November 15, 1910, and from November 15 to December 3 Wohlford earned $47.50; its answer also disclosed that defendant furnished supplies, groceries, merchandise, etc., from a store kept by it, to John Wohlford to the amount of $19.07, and that in and by the contract of employment between Wohlford and defendant it was agreed that defendant should deduct from the wages earned by Wohlford whatever sum should be due it for supplies so furnished; defendant claimed this amount as a set-off and answered that when summons was served, it was indebted to Wohlford in the sum of $28.43; that Wohlford was the head of a family and was living with his family and claimed for him an exemption of fifteen dollars per week for two weeks.

Upon the facts as above set forth, the trial court, upon motion of the Bruce-Surles Company, for whose use this proceeding was instituted, directed the jury to return a verdict against defendant for $17.50, upon which judgment was rendered.

The abstract does not disclose what the judgment of the court was with reference to costs, and as no complaint is made we presume the only judgment rendered against defendant was for $17.50.

Defendant prosecutes this appeal and insists that the court erred in directing the verdict of the jury,

claiming that as against this garnishment proceeding Wohlford was entitled to $30 exemption, and as the answer only showed an indebtedness from defendant to Wohlford of $28.43, defendant should have been discharged. The Bruce-Surles Company, however, insist that the $30 exemption allowed Wohlford by virtue of the statute should include the $19.07 claimed by defendant as a set-off for groceries and supplies, and that Wohlford, as against the $28.43 shown to be due him by the answer, was only entitled to claim as exempt the difference between $19.07 and $30 or $10.93, which left a balance in the hands of the garnishee of $17.50, the amount for which judgment was rendered.

The only question presented is whether the judgment debtor is entitled to the full exemption of $30 as against this garnishment proceeding, or whether the $19.07 should be included in the $30 exemption allowed. We have been cited to no authority, and have been able to find none, wherein this question has been determined, and the solution of the question depends wholly upon the construction of the statute.

The statute is not only for the benefit of the debtor, but the family dependent upon him; and the uniform rule is that statutes of this character must be liberally construed.

That it was the duty of the garnishee to protect the judgment debtor in his claim for exemption is fully established by authorities of this state, and the failure to do so would cause the loss to fall upon the garnishee. C. R. I. & P. R. R. v. Mason, 11 Ill. App. 525; C. & A. R. R. v. Ragland, 84 Ill. App. 375; Welker v. Hinze, 16 Ill. App. 326.

While the law looks with favor upon an equitable distribution of the assets of a debtor among his creditors, the fact cannot be ignored that a debtor may prefer one creditor to another where the right of such creditor to the preference is clearly established; and a preference made in good faith will be protected.

Friedman v. Lesher, 198 Ill. 21; Cooper v. McClun, 16 Ill. 435.

The fact that a debtor may not be able to immediately pay all of his just debts does not deprive him of the right to make a preference as to which creditor he will pay from whatever funds may be available to him for that purpose, and the agreement made between Wohlford and defendant, as disclosed by the answer, that whatever groceries, provisions, etc., were purchased from defendant should be deducted from Wohlford's wages, was a valid agreement and independent of the statute gave defendant the right to make such deduction from his wages. Section 13, chap. 62, Garnishment (Hurd's R. S., 1909) is:

"Every garnishee shall be allowed to retain or deduct out of property, effects or credits in his hands · all demands against the plaintiff, and all demands against the defendant, of which he could have availed himself if he had not been summoned as garnishee, whether the same are at the time due or not, and whether by way of set-off on a trial or by the set-off of judgments or executions." Finch v. Alex. County Nat. · Bank, 65 Ill. App. 337.

Section 14, same chapter, is:

"The wages for services of a wage earner who is the head of a family and residing with the same, to the amount of fifteen dollars per week, shall be exempt from garnishment. All above the sum of fifteen dollars per week shall be liable to garnishment.

"Every employer shall pay to such wage earner such exempt wages, not to exceed the sum of fifteen dollars per week of each week's wages earned by him when due, upon such wage earner making and delivering to his employer his affidavit that he is such head of a family and residing with the same, notwithstanding the service of any ·writ of garnishment upon such employer, and the surplus only above such exempt wages

shall be held by such employer to await the event of the garnishment suit.''

It would neither be within the spirit or the letter of the statute to permit the Bruce-Surles Company to assert that because defendant had the right to deduct $19.07 from the wages due Wohlford that Wohlford must have that amount taken from the exemption allowed him by statute.

Wohlford had the undoubted right to pay from his wages any indebtedness which he saw fit, so long as he committed no fraud and violated no law in so doing, and the fact that he may have preferred to pay a certain indebtedness and retain the balance of his wages under the exemption allowed is no reason why he should be compelled to take the amount which he had paid upon this preferred claim from the exemption permitted him under the statute as against a garnishment proceeding.

Section 13, *supra,* was evidently intended to give to the judgment debtor the exemption against any garnishment proceeding. Section 14 evidently means that only the wages due him in excess of the exemption, after all proper deductions have been made, can be reached by garnishment, and if no more than the amount of the exemption is due, the debtor can claim that amount against a garnishment proceeding.

A creditor can be placed in no better position than the judgment debtor by reason of the garnishment proceeding, and had this been an action brought by Wohlford as against the Wabash Coal Company for the amount of wages due him he could only recover $28.43, the amount due after allowing to the defendant company its credits and set-offs. We are of the opinion that the judgment debtor was not required to take as a part of his exemption the amount which had been retained by defendant as a set-off; and the trial court erred in holding that as against this garnishment pro-

ceeding the judgment debtor was only entitled to the balance of the exemption which would have been due him had not the defendant retained its set-off, and the court erred in directing the jury to return the verdict it did and in rendering judgment thereon.

There being no dispute of the facts in this record, and only a question of law to be determined, the judgment of the trial court is reversed.

*Reversed.*