STATE BANK OF ANTIOCH, Plaintiff-Appellant, v. DOROTHY NELSON *et al.*, Defendants-Appellees.

Second District   No. 84—489

Opinion filed April 10, 1985.—Rehearing denied May 9, 1985.

Michael W. Gantar, of Larson, Gantar & DeMartini, of Antioch, for appellant.

Dennis P. Daly, of Daly & Daly, of Waukegan, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

The plaintiff, the State Bank of Antioch, an Illinois banking corporation, appeals from an order of the circuit court of Lake County which enjoined it from enforcing a deficiency judgment previously entered against the defendants, Dorothy Nelson, Diana Cassidy and Sharon Nelson. The plaintiff contends on appeal that the effect of the trial court's order was an improper modification of a final judgment more than 30 days following its rendition. Defendants answer that the court had authority to enter such an injunction during the pendency of a supplemental proceeding.

On October 7, 1981, the plaintiff filed a complaint for foreclosure of mortgage, accompanied by a copy of a trust deed in the nature of a mortgage and an installment note. On January 26, 1983, the trial court found defendants in default and entered a judgment of foreclosure and order of sale. The property was sold to the plaintiff at the sheriff's sale, and on February 28, 1983, the court issued a deficiency judgment against the defendants personally in the amount of $34,154.60.

On March 26, 1984, the plaintiff commenced supplementary proceedings for the enforcement of its deficiency judgment. On April 19, 1984, the defendants filed a motion requesting the trial court to vacate the deficiency judgment and to prohibit the plaintiff from collecting thereon. The defendants asserted that the terms of the installment note specifically provided that it was to be payable only out of the proceeds of sale of the property described in the trust deed and

that no personal liability was to be asserted or be enforceable against the promissor or any person interested beneficially in the property. The trial court denied the motion to vacate the deficiency judgment, but enjoined the plaintiff from seeking to enforce it, except out of rentals from the property and out of proceeds of the sale. The court provided that "[n]o personal liability shall be enforced against the above named defendants from any other asset they may have."

The plaintiff appeals, raising this issue: whether the trial court properly enjoined the mortgagee from seeking to enforce the deficiency judgment more than 30 days after its rendition.

■ Plaintiff maintains on appeal that the order approving the sheriff's sale and entering the deficiency judgment was final when entered and that the trial court lost jurisdiction to vacate or modify its terms when 30 days elapsed thereafter. (See *Smietanka v. Myers* (1941), 311 Ill. App. 91.) Inasmuch as the defendants took no action within this initial period, the plaintiff concludes that the trial court was without authority more than 14 months later to take measures designed to prevent execution on the judgment.

In response, defendants assert that once the plaintiff commenced supplementary proceedings for enforcement of the judgment, they were entitled by law to raise the claim that the interest which the plaintiff sought to reach was exempt from execution. (Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(a).) The defendants rely upon section 2—1402(d)(2) of the Code of Civil Procedure for the proposition that the court may enjoin a party or other individual from any interference with the property of the judgment debtor. Defendants thus conclude that the trial court had authority as part of the supplementary proceedings to determine that the defendants' property was exempt and to enjoin the plaintiff from further enforcement of the deficiency judgment.

Section 12—112 of the Code provides:

"All the lands, tenements, real estate, goods and chattels (except such as is by law declared to be exempt) of every person against whom any judgment has been or shall be hereafter entered in any court, for any debt, damages, costs, or other sum of money, shall be liable to be sold upon such judgment. (Ill. Rev. Stat. 1983, ch. 110, par. 12—112.)

The Code further defines two principal categories of exemptions from enforcement of judgments. Exemptions of homestead are provided in part 9 of article XII of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 12—901 *et seq.*), and exemptions of personal property are provided in part 10 (Ill. Rev. Stat. 1983, ch. 110, par. 12—1001 *et seq.*). The pur-

pose of these and the various similar remedial provisions existing under our statutes is to secure to the judgment debtor and his family the necessary shelter and personal property required for their welfare in times of difficult economic circumstances. (See *Mutual Service Corp. v. Hugren* (1922), 225 Ill. App. 216; *Wohlford for Use of Bruce-Surles Co. v. Wabash Coal Co.* (1911), 164 Ill. App. 185.) The statutory provision of an exemption of property from enforcement is a matter affecting the remedy available to a judgment creditor for the collection of his debt (*Mineral Point R.R. Co. v. Barron* (1876), 83 Ill. 365, 367), and does not extend to permit relitigation of the underlying controversy or a determination as to the validity of the judgment. In keeping with this analysis, it is not within the scope of supplementary proceedings to ascertain whether a judgment debtor who has suffered a default may have possessed a defense to the creditor's claim for deficiency judgment. The judgment debtor may in some circumstances have a right to relief from such a judgment (Ill. Rev. Stat. 1983, ch. 110, par. 2—1401), but the procedure for which defendants here contend would entitle them to assert defenses to the judgment in the course of a supplementary proceeding without being required to satisfy the requisites established by section 2—1401 for obtaining such relief. It must be noted in the present case that defendants did not attempt to obtain the relief available under section 2—1401. We, therefore, conclude that the trial court erred in finding the entirety of defendants' property, without regard to the exemptions specifically created by statute, exempt from execution.

■ Defendants further point to language in the January 26, 1983, judgment of foreclosure providing that the court retained jurisdiction of the subject matter of the cause and of all parties "for the purpose of enforcing this Judgment and appointing or continuing a Receiver herein or placing the Plaintiff-Mortgagee in possession at any time during the period of redemption." Defendants construe this language as a blanket reservation of authority by the trial court to modify the judgment's terms in the course of proceedings for its enforcement. Defendants overlook that the reservation of jurisdiction contained in this order extended only to the enforcement of the judgment, the empowerment of a receiver or the placing of the plaintiff in possession. The court did not retain jurisdiction to modify the terms of the judgment itself. More significantly, the deficiency judgment, which was entered approximately one month after the judgment of foreclosure, contained the special finding required by Supreme Court Rule 304(a) (87 Ill. 2d R. 304(a)), that there was no just reason to delay enforcement or appeal, and incorporated no reservation of jurisdiction of any

sort regarding its terms. Accordingly, the defendants' argument that the deficiency judgment was subject to later modification on account of a reservation of jurisdiction must fail.

In consonance with these views, we are of the opinion that the defendants' arguments regarding the validity of the deficiency judgment (wherein defendants claim that such a judgment was prohibited by the installment note, was inconsistent with the judgment of January 26, 1983, and was not properly pleaded) are precisely the types of matters which may not be raised in defense of a supplementary proceeding under section 2—1402(a). Ill. Rev. Stat. 1983, ch. 110, par. 2—1402(a).

For these reasons, we conclude that the trial court erred in enjoining enforcement of the deficiency judgment. The judgment of the circuit court of Lake County is reversed.

Reversed.

LINDBERG and REINHARD, JJ., concur.