**In re Charles W. SIMPSON and Patricia M. Simpson, Debtors.**

No. 87–90439.

United States Bankruptcy Court, C.D. Illinois, Danville Division.

June 30, 1988.

## OPINION

LARRY L. LESSEN, Chief Judge.

This matter is before the Court on the Trustee's objection to the claimed exemptions of the Debtors in their pensions with the Teachers' Retirement System of the State of Illinois, Ill.Rev.Stat., Ch. 108½, para. 16–101 et seq., and the claimed exemption of Debtor, Charles W. Simpson, in an annuity with Franklin Life.

The Debtors, Charles and Patricia Simpson, filed their voluntary petition under Chapter 7 of the Bankruptcy Code on April 22, 1987. In the schedules attached to their petition, the Debtors claimed as exempt their interest in the Teachers' Retirement System pension pursuant to Ill. Rev.Stat., Ch. 108½, para. 16–190. They did not list the value of this claimed exemption. In addition, Charles Simpson claimed as exempt his interest in a Franklin Life Annuity pursuant to Ill.Rev.Stat., Ch. 110, para. 12–1001(b). This annuity is valued at $100.00. The Trustee objected to these claimed exemptions, and a hearing was held on July 21, 1987.

The starting point for the Court's analysis is *In re Dagnall*, 78 B.R. 531 (Bankr.C. D.Ill.1987). In *Dagnall*, the debtor was a state employee who claimed that her interest in the State Employees' Retirement System of Illinois (Ill.Rev.Stat., Ch. 108½, para. 14–101 et seq.) was not property of the estate. She further argued that if it

was property of the estate, then it was exempt under Ill.Rev.Stat., Ch. 110, para. 12–1001(g)(5). The Court first examined the nature of the State Employees' Retirement System. The Court found that participation in the program is mandatory for all state employees, that contributions to the system are made by wage deduction, and that a state employee may only withdraw his contributions to the system in the event of retirement, disability or termination of state employment. The Court further found that the system provided for employer pick-up of employee contributions, and that benefits under the plan may not be assigned or alienated. The Court then turned to the question of whether the State Employees' Retirement Plan was excluded from property of the estate under 11 U.S.C. Sec. 541(c)(2). The Court found that Congress intended to limit the Sec. 541(c)(2) exclusion to trusts which have been traditionally recognized under local law as true "spendthrift trusts". Because a state employee is entitled to receive a refund of his contributions to the system upon termination of state employment, the Court concluded that the State Employees' Retirement System did not qualify as a spendthrift trust under Illinois law. Therefore, the Court found that the pension plan was property of the estate under Sec. 541(a). The Court then turned to the question of whether the debtor's interest in the pension plan was exempt under Ill.Rev.Stat., Ch. 110, para. 12–1001(g)(5). The Court noted that this Section only exempted the debtor's right to receive a payment under the plan to the extent that it is necessary for the support of the debtor and the debtor's dependents. Since the debtor was relatively young and was earning a substantial salary, the Court found that the debtor's contributions to the State Retirement System were not necessary to the support of the debtor or her dependent. Therefore, it was not exempt.

■ The Debtors in this case concede that the Teachers' Retirement System pension is property of the estate under Sec. 541(a). Instead, they argue that the pensions are exempt pursuant to Ill.Rev.Stat., Ch. 108½, para. 16–190. Thus, they claim their case is distinguishable from *Dagnall.*

11 U.S.C. Sec. 522(b)(2)(A) provides in relevant part that "Notwithstanding Section 541 of this title, an individual debtor may exempt from property of the estate ... any property that is exempt under Federal law ... or state or local law that is applicable." Illinois has opted out of the Federal exemption scheme. Ill.Rev.Stat., Ch. 110, para. 12–1201. Thus, the Court looks to state law to determine the extent of the debtor's exemptions.

The Illinois Code of Civil Procedure defines two principal categories of exemptions: Homestead exemptions are provided in Ill.Rev.Stat., Ch. 110, para. 12–901 *et seq.* and personal property exemptions are provided in Ill.Rev.Stat., Ch. 110, para. 12–1001 *et seq.* Section 12–1001(g)(5) deals specifically with pensions and exempts a payment under any pension plan "to the extent necessary for the support of the debtor and any dependent children." This was the exemption relied on by the debtor in *Dagnall.* The Debtors in this case have chosen not to rely on this general exemption. Instead, they rely on the specific exemption provided in the statute creating the Teachers' Retirement System of Illinois. This exemption provision provides as follows:

The right of a person to a retirement annuity or other benefit, to the return of contributions, the retirement annuity or other benefit itself, any optional benefit, any other right accrued or accruing to any person under the provisions of this Article, and the moneys in the fund created by this Article, shall be subject neither to attachment, garnishment, execution, or other seizure by process, nor to sale, pledge, mortgage or other alienation, and shall not be assignable except as in this Article provided. A person receiving an annuity or benefit may authorize withholding from such annuity or benefit for the purposes enumerated in the "State Salary and Annuity Withholding Act", approved August 21, 1961, as now or hereafter amended. The moneys in the fund are exempt from any state or municipal tax.

■ The Seventh Circuit has mandated a liberal construction of the Illinois exemp-

tion statutes. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). In this case, the Illinois legislature has clearly manifested an intent to exempt any annuity or benefit from the Teachers' Retirement System from attachment or execution. Although this exemption is found in the statute creating the Teachers' Retirement System rather than with the other exemptions in the Illinois Code of Civil Procedure, this Court has not found any statutory or case authority limiting a debtor to the exemptions found in Article XII of the Illinois Code. In fact, an Illinois Appellate Court has recognized that there are "various similar remedial provisions under our statutes" in addition to the homestead exemptions of Ill.Rev.Stat., Ch. 110, para. 12–901 *et seq.* and the personal property exemptions of Ill.Rev.Stat., Ch. 110, para. 12–1001 *et seq. State Bank of Antioch v. Nelson,* 132 Ill.App.3d 120, 123, 87 Ill.Dec. 476, 477 N.E.2d 77 (1985). *See, Matter of Sullivan,* 680 F.2d 1131 (7th Cir.1982); *In re Wagher,* 81 B.R. 13, 14 (Bankr. C.D.Ill.1988). The exemption for Teachers' Retirement System pensions is one such "remedial provision". Accordingly, the Court finds that the Debtors may exempt their pensions with the Teachers' Retirement System of Illinois pursuant to Ill.Rev.Stat., Ch. 108½, para. 16–190.

This Opinion is not inconsistent with our Opinion in *Dagnall.* Although the State Employees' Retirement System at issue in *Dagnall* has an exemption provision similar to the one found in the Teachers' Retirement System, the Teachers' exemption is more broadly worded than the State Employees' exemption. *Compare,* Ill.Rev. Stat., Ch. 108½, para. 16–190 with para. 14–147. More importantly, the debtor in *Dagnall* only claimed the pension exempt under Ill.Rev.Stat., Ch. 110, para. 12–1001(g)(5); she did not seek to exempt the pension under Ill.Rev.Stat., Ch. 108½, para. 14–147. Therefore, the Court never discussed the latter exemption.

■ The Trustee also objects to the claim of Charles Simpson of an exemption in his interest in a Franklin Life annuity. This annuity was purchased within six months of the filing of the bankruptcy petition and contained virtually no cash buildup at the time of the filing of the petition. The Trustee argues that this annuity is similar to an IRA, and, therefore, not exempt under Ill.Rev.Stat., Ch. 110, para. 12–1001(g)(5). *See, In re Kitson,* 43 B.R. 589 (Bankr.C.D.Ill.1984). However, the debtor does not claim the exemption under para. 12–1001(g)(5). This property is claimed exempt pursuant to the "wild card" exemption of Ill.Rev.Stat., Ch. 110, para. 12–1001(b). Since the annuity has only minimal value, and the Debtor has not used his full $2,000.00 wild card exemption, the Court finds this annuity exempt under Ill. Rev.Stat., Ch. 110, para. 12–1001(b).

For the foregoing reasons, the Trustee's objections to the Debtors' claimed exemptions in their pensions with the Teachers' Retirement System of Illinois and annuity with Franklin Life are DENIED.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.