**In re James D. LUSH, Sr., Linda L. Lush, Debtors.**

**Bankruptcy. No. 96–73179.**

United States Bankruptcy Court, C.D. Illinois.

April 21, 1997.

Andrew W. Covey, Peoria, IL, for Debtors.

John H. Germeraad, Petersburg, IL, Trustee.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

Before the Court is Trustee's Objection to Claimed Exemptions and Debtors' Response thereto.

Debtors filed their Chapter 13 petition on November 29, 1996. On their Schedule .C (Property Claimed As Exempt), Debtors listed a worker's compensation claim against Conrad Sheet Metal and claimed its entire

value as exempt. Debtors' Chapter 13 plan did not propose to apply any of the anticipated worker's compensation award or settlement proceeds to the Debtors' Chapter 13 plan. Trustee objected to the claimed exemption based upon the fact that "(a)lthough a worker's compensation claim ... would be exempt if this were a Chapter 7 case, as the money would constitute disposable income of the debtor, there should be no claimed exemption in this worker's compensation case or award." Objection *at* p. 1.

820 ILCS 305/21 provides in part as follows:

No payment, claim, award or decision under this Act shall be assignable or subject to any lien, attachment or garnishment, or be held liable in any way for any lien, debt, penalty or damages ...

It is not actually disputed that the worker's compensation claim which is the subject matter of these proceedings is "exempt property" as defined by 820 ILCS 305/21 and 11 U.S.C. § 522. The actual issue is whether the property, exempt or otherwise, must be applied to Debtors' Chapter 13 plan.

Section 1325(b)(1)(B) of the Bankruptcy Code states as follows:

(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan—

(B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan.

Section 1325(b)(2)(A) of the Bankruptcy Code defines "disposable income" as "income which is received by the debtor and which is not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor(.)"

Debtors' schedules indicate that the proceeds from the subject worker's compensation claim would not be necessary for the maintenance and support of Debtors' or their family. Debtors assert, however, that, under § 522(c) of the Bankruptcy Code, exempt property cannot be ordered paid to any pre-petition creditors and, therefore, need not be applied to Debtors' Chapter 13 plan payments. As they have claimed the worker's compensation claim as exempt in its entirety, they need not devote any proceeds derived therefrom to their Chapter 13 plan. In support of their proposition, Debtors cite *In re Kerr*, 199 B.R. 370 (Bankr.N.D.Ill.1996), which suggests that the line of cases which hold that "exempt property" which happens also to constitute "disposable income" as defined by § 1325(b)(2)(A) must be paid into the Chapter 13 plan is wrong because they ignore the proscription of § 522(c).

The leading case in this area which indeed held that "exempt property" which is also "disposable income" must be paid into the Chapter 13 plan is *In re Schnabel*, 153 B.R. 809 (Bankr.N.D.Ill.1993). The issue in *Schnabel* was whether the debtor had to apply all of his exempt social security and pension income which also constituted "disposable income" to his Chapter 13 plan. Debtor argued that any contribution to the Chapter 13 plan from exempt property was purely voluntary; the Court disagreed:

While assets may be claimed exempt, there is superimposed an entirely new floor, below which a confirmable plan may not fall—the § 1325(b) test of total "disposable income."

*Schnabel, supra* at 815.

The *Schnabel* court found that the exempt status of the debtor's property was immaterial to its confirmation decision. *Id.* Since the debtor's plan neither provided for payment in full to holders of allowed unsecured claims, nor applied all of the debtor's disposable income to payments under the plan, confirmation was denied. *Id.* Of particular relevance is the following analysis:

The Debtor's reliance on the exemption statutes is misplaced in the context of Chapter 13 plan confirmation proceedings. The Court does not dispute the Debtor's contention that exemptions apply in both Chapter 7 and Chapter 13. See 11 U.S.C. § 103(a). However, their significance is greatly diminished in a Chapter 13, where the fresh start is protected by the debtor's

retention of non-disposable income rather than by exempt assets. (citation omitted). Legislative history indicates that in a liquidation exemptions are meant to "protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property, the debtor will not be left destitute and a public charge." (citations omitted). A Chapter 13 debtor, on the other hand, may keep all its assets, exempt or not, in return for repayment of creditors out of future income. Where the Debtor is assured of an income sufficient to meet his basic needs, his fresh start is not imperiled by requiring him to make payments to creditors out of his social security and pension benefits, especially where, as here, it is those benefits that he proposes to use to fund his plan.

Allowing the Debtor to use his exempt income to attain Chapter 13's broad discharge without the corollary requirement to use it to pay creditors as much as he is able, would contravene the express purpose of the statute—namely, that the debtor make payments under a plan.

*Schnabel, supra* at 817.

This rationale has been applied by other courts to other types of exempt property in determining whether the same must be applied to a debtor's Chapter 13 plan in order to satisfy the "disposable income test" of § 1325(b). *See Watters v. McRoberts,* 167 B.R. 146 (S.D.Ill.1994) (personal injury recovery); *In re Minor,* 177 B.R. 576 (Bankr. Tenn.1995) (lump-sum worker's compensation award), *In re Jackson,* 173 B.R. 168 (Bankr.E.D.Mo.1994) (worker's compensation settlement).

Debtors rely heavily upon Judge DeGunther's decision in *In re Kerr,* 199 B.R. 370 (Bankr.N.D.Ill.1996), as support for their proposition that Bankruptcy Code § 522(c) protects exempt property *in any form* and under all chapters of the Bankruptcy Code, from pre-petition debts, and that a Court should not ignore this express limitation when defining "disposable income" under § 1325(b)(2).

In *Kerr,* the debtors filed a Chapter 13 case, subsequently sold their residence and received several thousand dollars net sale proceeds from that sale. It was undisputed that the sale proceeds were exempt; however, the issue arose as to whether the proceeds, which met the definition of "disposable income", were to be included in performing the disposable income calculation under § 1325(b)(2). In its holding, the *Kerr* court agreed with the debtors' assertion that *Schnabel* and its progeny have ignored the impact of § 522(c), "which by way of § 103(a) (footnote omitted), provides an express limitation to § 1325(b)(2)." *Kerr, supra* at 373.

Section 522(c) states in part as follows:

Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case(.)

Based upon that statutory provision, Judge DeGunther held as follows:

Thus, the clear language of Section 522(c) protects exempt property, regardless of form, from prepetition debts. The Court cannot ignore this express limitation for the purposes of defining disposable income under Section 1325(b)(2). To include exempt property within the confines of Section 1325(b)(2) directly conflicts with Section 522(c).

*Kerr, supra* at p. 374.

Although Judge DeGunther distinguishes *Kerr* from *Schnabel* on several factual bases, it is this Court's opinion that the holding in *Schnabel* is not reconcilable with the holding in *Kerr* on the question of whether property which is both "exempt" under § 522 and "disposable income" under § 1325(b)(2) must be devoted to a debtor's Chapter 13 plan. It further appears that no cases have been reported after *Kerr* which address Judge DeGunther's analysis of the impact of § 522(c) on the "disposable income" calculation or the apparent conflict between *Kerr* and *Schnabel.*

This Court has previously cited *Schnabel* with approval and held that the § 1325(b)(2) definition of "disposable income" includes property which is exempt under the Illinois

law. *See In re Larkin, slip op.*, No. 94-70918, 1997 WL 929079 (Aug. 30, 1994, Lessen, J.) (exempt personal injury settlement proceeds must be applied to Chapter 13 plan). Although the *Kerr* opinion is well-written and its analysis regarding the effect of § 522(c) on the disposable income provisions of § 1325 has some superficial appeal, this Court will continue to follow *Schnabel* and consider it to be the better view for several reasons.

■■■ First and most important, this Court does not read Section 522(c)'s protection of "property exempted under this section" to be at odds with the holding of *Schnabel* and its progeny that property defined as exempt which is also a source of disposable income must be applied to a Chapter 13 plan. Section 522(c) refers to "exempted" property, not "exempt" property, and the distinction is significant. Clearly, property is characterized as either "exempt" or "not exempt" based upon statutory definition. However, in spite of its characterization, a debtor is never required to assert an exemption, and debtors often waive their right to claim particular exemptions in certain types of security agreements and mortgages. Hence, although property may be "exempt" by statutory definition, a debtor may choose to decline to assert an exemption against his creditors. Section 522(c)'s use of the participle "exempted" rather than the adjective "exempt" suggests that the protection provided by § 522(c) extends only to exempt property in which a debtor also chooses to assert his exemption. Accordingly, § 522(c) protection would not extend to property which is "exempt" by statutory definition, but in which the debtor has elected not to assert his right to claim an exemption. In view of this distinction, this Court reads *Schnabel* to hold that, where "exempt property" is also a source of "disposable income", a Chapter 13 debtor must decline to assert the exemption to which he would otherwise be entitled, and apply the income to his Chapter 13 plan, in order for the debtor to pass the "disposable income test" of § 1325(b)(1)(B). This is not prohibited by § 522(c) and is required by § 1325(b)(1)(B). In view of this interpretation of the distinction between "exempt property" and "property exempted", the holding in *Schnabel* is

logically sound, equitably justifiable, and in no way at odds with § 522(c) or the spirit of the Bankruptcy Code.

Second, even assuming the above analysis is incorrect, there is no mention of exemptions in the definition of disposable income in § 1325(b)(2). Without an express or implied limitation in the defining statute, the Court should not impose such a limitation. *Schnabel, supra* at p. 815; *Minor, supra* at p. 582. *Kerr* argues that the limitation is contained in § 522(c); however, it is more likely that if Congress had intended to apply the limitation in Chapter 13, it would not have been quite so subtle.

Third, from a purely equitable standpoint, the *Kerr* holding makes Chapter 13 too easy on debtors at the expense of creditors. In exchange for being allowed to keep all of her assets (not to mention receiving a Chapter 13 super-discharge upon completion of the plan), a Chapter 13 debtor is expected to repay her creditors, in full or in part, from future income. As the debtor is assured income sufficient to meet the basic needs of herself and her family, it is hardly unfair to require her to utilize all of her disposable income, exempt or otherwise, to fund the plan. It is more unfair to allow the debtor to retain exempt property which is also disposable income and, by definition, unnecessary for the debtor's family's support, at the expense of her creditors, all the while reaping the other benefits available to a Chapter 13 debtor.

■■ Fourth, the purpose of the Illinois exemption laws is to secure the debtor and the debtor's family the necessary shelter and personal property required for their welfare in times of difficult economic circumstances. *State Bank of Antioch v. Nelson*, 132 Ill. App.3d 120, 87 Ill.Dec. 476, 478, 477 N.E.2d 77, 79 (1985). *See, In re Flygstad*, 56 B.R. 884 (Bankr.N.D.Iowa 1986). Property which is exempt under Illinois law is not intended to be a windfall for the debtor. The Illinois legislature intended and the Court expects a debtor to use any exempt assets for the shelter, maintenance, and support of the debtor and the debtor's family. Once the necessary living expenses of the debtor and the debtor's family are met through the use

of exempt assets, either alone or in combination with other assets, any additional funds constitute disposable income. Thus, exempt assets are clearly part of the disposable income equation.

For the reasons set forth above, the Court finds that the proceeds of Debtors' worker's compensation claim, though exempt under state law, must be applied to Debtors' Chapter 13 plan in order for Debtors' Chapter 13 plan to satisfy the "disposable income test" of § 1325(b).

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that Debtors' worker's compensation claim be and is hereby exempt property; however, any proceeds from said claim constitute "disposable income" which must be applied to Debtors' Chapter 13 plan.