**In re Susan N. JONES, Debtor.**

**Bankruptcy No. 89–00934–7.**

United States Bankruptcy Court, D. Idaho.

Sept. 12, 1989.

Marc S. Tanner, Boise, Idaho, for debtor.

Barry Peters, Hamlin & Sasser, Boise, Idaho, for trustee.

John Krommenhoek, trustee.

MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

Debtor has claimed an earned income credit in her federal income tax refund in the amount of $856.00 and a portion of a grocery credit in her state income tax refund as exempt property pursuant to Idaho Code § 11–603(4).[1] The trustee has objected to this claim of exemption alleging both the Federal Earned Income Credit and the State Grocery Credit constitute property of the estate which should be turned over to the Chapter 7 trustee for disbursement to creditors.

EARNED INCOME CREDIT

26 U.S.C.A. § 32 provides for an earned income credit to certain income individuals who are deemed otherwise eligible pursuant to 26 U.S.C.A. § 32(c)(1). In a pre-code case directly on point, the United States District Court for the District of Connecticut reviewed two bankruptcy court decisions holding the opposite ways. One decision held the earned income credit was property of the estate, while the second decision held it was not. On appeal,[2] the District Court held, although given effect through income tax laws, the earned income credit is in substance an item of social welfare legislation intended to provide low income families with the means by which to live. In reaching this conclusion the court addressed the issue of whether the policy of the Bankruptcy Act to afford debtors a "fresh start" and to allow them to accumulate new funds would necessarily require a portion of the tax refund check attributable to earned income be treated differently from that portion attributable to excess withholding taxes. The Court determined this would require an examination of congressional purpose in establish-

---

1. Idaho Code § 11–603(4) provides:
   Property exempt without limitation.—An individual is entitled to exemption of the following property: ...

   (4) benefits the individual is entitled to receive under federal, state, or local public assistance legislation ...

2. *In re Searles,* 445 F.Supp. 749.

ing the earned income credit. The Court held:

> ... the primary purpose was clearly to afford economic relief to low income heads of household who work for a living. These legislative purposes clearly distinguish the earn income credit from a refund of excess withholding taxes, which was held to constitute "property" under Section 70 A(5) (citation omitted). The normal income tax refund is an amount actually deducted from tax payers earnings in excess of the amount required by accurate computation of the rate applied to actual income.... the earned income credit is given effect through refund, but it is not a refund of taxes previously paid.... the effect of the earned income credit legislation is to put money in the pockets of certain needy taxpayers after tax returns are filed, and not to reduce their tax burden during the tax year.

Based on this review of Congressional intent the District Court ruled in favor of the debtor. Since the debtor is eligible to receive an earned income credit, such credit helps to provide the congressional mandated "fresh start" in the postbankruptcy period.

In further support of this position the Court cited *Goldberg v. Kelley*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970) wherein the United States Supreme Court gave credence to the theory the earned income credit was an item of social welfare legislation intended to provide low income families with "the very means by which to live".

Based upon the foregoing, I hold the Federal Income Credit, due to its nature as social welfare relief is exempt property pursuant to Idaho Code § 11–603(4).

## GROCERY CREDIT

 Unlike the earned income credit which targets a specific economic group, the Grocery Credit allowed under state law is a $15.00 credit which may be claimed once in each tax year by each member of a household.[3] Every deduction is entitled to the credit. The grocery credit is not a form of social welfare legislation intended to provide people with "the very means by which to live." *Searles, supra,* citing *Goldberg v. Kelley, supra.* It is an income tax deduction intended to replace sales taxes paid for food. Therefore, the credit would in fact be property of the estate and not subject to exemption.