**In re Jerry Lynn GOLDSBERRY, Sr., Louise Marie Goldsberry, Debtors.**

**Bankruptcy No. 91–60875.**

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

May 22, 1992.

Lois Renfro Morris, Barbourville, Ky., for debtors.

Maxie Higgason, Corbin, Ky., trustee.

### MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the debtors' Motion for Earned Income Credit Being Excluded from the Estate or in the Alternative, Exempt. The trustee has filed a response, and the debtors have replied. The matter was submitted for decision on April 27, 1992.

As concerns the issue of whether the earned income credit is included in the bankruptcy estate, the debtors cite *In re Searles*, 445 F.Supp. 749 (D.Conn.1978), in support of their position. The *Searles* court held that an earned income credit was not property of the estate within the meaning of § 70(a)(5) of the Bankruptcy Act.

The *Searles* decision was based on the fact that one of the primary purposes of the Bankruptcy Act was to afford the debtor a fresh start:

> In view of the dual purposes of the Bankruptcy Act to pay creditors and to afford the bankrupt a fresh start (cite omitted), an asset in the hands of the bankrupt can be taken by the Trustee to pay creditors under s 70(a)(5) if 'it is sufficiently rooted in the pre-bankruptcy past and (not sufficiently) entangled with the bankrupt's ability to make an unencumbered fresh start ...' (cite omitted).

At page 751. As the debtors point out, another case holding that an earned income credit is not property of the estate is *In re Hurles*, 31 B.R. 179 (Bkrtcy.S.D.Ohio 1983).

However, in *Matter of Davis*, 136 B.R. 203, 207 (Bkrtcy.S.D.Iowa 1991), the court held that an earned income credit was property of the bankruptcy estate. It based its decision on the fact the 11 U.S.C. § 541(a)(1) makes all property of the debtor, even that needed for a fresh start, property of the bankruptcy estate. As stated in the Legislative History of § 541:

Paragraph (1) has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294 [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate all property of the debtor, even that needed for a fresh start. After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. § 522, and the court will have jurisdiction to determine what property will be exempted and what remains as property of the estate.

The *Davis* court went on to determine that the earned income credit was exempt under Iowa law.

 This Court agrees that the earned income credit is included in the bankruptcy estate pursuant to § 541(a). The issue that remains to be determined is whether the earned income credit may be exempted under Kentucky law and thus removed from the estate. In one of the cases cited by the debtors, *In re Murphy*, 99 B.R. 370, 371 (Bkrtcy.S.D.Ohio 1989), Judge Perlman analyzed the possible exemption of an earned income credit as "poor relief" under Ohio exemption statutes. He found that the earned income credit fell within the definition of "poor relief" and could therefore be considered exempt.

In Kentucky, KRS 205.220(3) provides for the exemption of public assistance benefits. "Public assistance" is defined in KRS 205.010(3) as:

... money grants, assistance in kind or services to or for the benefit of needy aged, needy blind, needy permanently disabled persons, needy children or persons with whom a needy child lives or a family containing a combination of these categories ...

Further, a "needy child" is defined in KRS 205.010(4) as one who has been

... deprived of parental support by reasons prescribed by regulations within the scope of title IV of the Social Security Act, its amendments and federal regulations and who does not have otherwise provided for him a subsistence compatible with decency and health.

The debtors state that they receive Aid to Families with Dependent Children which is included in title IV, and that their children thereby qualify under title IV and under the KRS definition of "needy" children.

The debtors contend that the earned income credit fits within the definition of "public assistance", as set out above. They state that it is a credit based on earned income from wages, salaries, and other employee or self-employed compensation. It is paid only to low income workers who have children and maintain a household. 26 U.S.C. § 32. Its intent was articulated in *Sorenson v. Secretary of the Treasury*, 475 U.S. 851, 864, 106 S.Ct. 1600, 1608–09, 89 L.Ed.2d 855 (1986):

The earned income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on income ..., and to provide relief for low-income families hurt by rising food and energy prices.

These factors make it clear, the debtors maintain, that the earned income credit is a money grant to poor working families with dependent children, that it therefore fits within the definition of "public assistance" and is exempt under KRS 205.220(3).

This Court agrees with the debtors' analysis and therefore finds that the earned income credit may be exempted pursuant to KRS 205.220(3). An order in conformity with this opinion will be entered separately.