**In re Karen Sue GOERTZ, Debtor.**

**Bankruptcy No. 96–60299–1.**

United States Bankruptcy Court,
W.D. Missouri,
Southern Division.

Oct. 22, 1996.

Dan R. Nelson, Springfield, MO, for Trustee.

Lawrence E. Ray, St. Robert, MO, for Debtor.

### MEMORANDUM OPINION SUSTAINING OBJECTION TO EXEMPTIONS

KAREN M. SEE, Bankruptcy Judge.

The Trustee objected to Debtor's exemption of an earned income credit received in a tax refund. After reviewing the parties' briefs and arguments and pertinent authorities, the court sustains the trustee's objection to the exemption. The court has jurisdiction over this core proceeding and may enter final orders pursuant to 28 U.S.C. §§ 1334(b) and 157(b)(2)(A), (B), (E) and (O).

### BACKGROUND

On March 4, 1996, Debtor filed a Chapter 7 case. On April 22, 1996, Debtor filed an Amended Schedule B, in which she listed for the first time a tax refund of $2,600.00, and an Amended Schedule C, in which she claimed exemptions to the refund under several sections of the Missouri exemption statute. The only disputed exemption in the tax refund is $1,370.00 representing an earned income credit, which debtor claimed exempt under Mo.Rev.Stat. § 513.430(10)(a) as a "local public assistance benefit." On April 26, 1996, the trustee filed an Objection to Exemptions, asserting that none of the tax refund is exempt under § 513.430(10)(a).

### DISCUSSION

Debtor asserts alternatively that $1,370.00 of the tax refund, representing an earned income credit, is not property of the estate, or if it is, it is exempt as a "local public assistance benefit" under Missouri's exemption statute.

## I. Property of the Estate

■ An earned income credit, created by 26 U.S.C. § 32 (1994), is a refundable tax credit provided for low income workers who have dependent children and who maintain a household. *In the Matter of Davis,* 136 B.R. 203, 205 (Bankr.S.D.Iowa 1991). Courts have characterized the earned income credit as "an item of social welfare legislation" effectuated through income tax laws. *Hoffman v. Searles,* 445 F.Supp. 749, 753 (D.Conn.1978); *In re Brown,* 186 B.R. 224, 226 (Bankr.W.D.Ky.1995); *Davis,* 136 B.R. at 205.

Cases are split regarding whether an earned income credit constitutes property of the estate. Cases which hold the earned income credit is not property of the estate are primarily older cases, which looked to the policy of the now superseded Bankruptcy Act to construe what constituted property of the estate, and emphasized the distinction between the credit and a tax refund. *See Hoffman v. Searles,* 445 F.Supp. 749, 753 (D.Conn.1978); *In re Hurles,* 31 B.R. 179 (Bankr.S.D.Ohio 1983).

More recent cases decided under the Bankruptcy Code have held that the earned income credit is property of the estate under the express language of 11 U.S.C. § 541(a). *In re George,* 199 B.R. 60, 61 (Bankr. N.D.Okla.1996); *In re Goldsberry,* 142 B.R. 158, 159 (Bankr.E.D.Ky.1992); *In re Buchanan,* 139 B.R. 721, 722 (Bankr.D.Idaho 1992); *In the Matter of Davis,* 136 B.R. at 203, 207 (Bankr.S.D.Iowa 1991); *see also, In re Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995) (held earned income credit could be exempted under state statute, thus implicitly finding earned income credit was property of the estate).

*Hoffman,* decided under the old Bankruptcy Act, held the earned income credit was not property of the estate, citing case law which held that the statutory definition of property of the estate then in effect must be limited by the purpose and policy of the Bankruptcy Act. *Hoffman* construed the Bankruptcy Act to include only property which was "sufficiently rooted in the pre-bankruptcy past and (not sufficiently) entangled with the bankrupt's ability to make an unencumbered fresh start." 445 F.Supp. at 750. *Hoffman* held a tax refund resulting from previously withheld wages to be "rooted in the pre-bankruptcy past" and property of the estate. However, under the limited purposes of the Bankruptcy Act, the earned income credit was held not to be property of the estate because it was not derived from debtor's earnings or assets, so it was not "rooted in the pre-bankruptcy past," and as an item of social welfare policy, the *Hoffman* court construed it as necessary for an unencumbered fresh start. *Id.*

Even after enactment of § 541, some courts held that an earned income credit was not estate property. Those courts analyzed the nature and purpose of the earned income credit and reasoned, as in *Hoffman,* that it was distinguishable from a tax refund, which belongs to the estate. *Hurles,* 31 B.R. at 180; *In re Jones,* 107 B.R. 751, 752 (Bankr.D.Idaho 1989). Those cases continued to focus on whether an earned income credit is distinguishable from a tax refund, although that question is no longer relevant under the Bankruptcy Code, which defines the bankruptcy estate to include "all legal or equitable interests of the debtor in property as of the commencement of the case." § 541(a)(1).

Section 541(a) is construed broadly:

The scope of [§ 541(a) ...] is very broad and includes property of all descriptions, tangible and intangible, as well as causes of action.... Property of the estate generally includes the debtor's interest in property that has restrictions or conditions on its transfer.

*Ramsay v. Dowden,* 68 F.3d 213, 214 (8th Cir.1995). "The legislative history of this section clearly establishes Congressional intent that the bankruptcy estate be as all-encompassing as the language indicates." *Garner v. Strauss,* 952 F.2d 232, 233 (8th Cir.1991), citing *In re Graham,* 726 F.2d 1268, 1270 (8th Cir.1984); *see also, Davis,* 136 B.R. at 207.

■ This court finds persuasive those cases which rely on the plain language of § 541(a)(1) to hold that an earned income credit is property of the estate. *George,* 199 B.R. 60, 61; *Goldsberry,* 142 B.R. 158, 159;

*Buchanan,* 139 B.R. 721, 722; *Davis,* 136 B.R. 203, 207; *see also, Brown,* 186 B.R. 224 (Bankr.W.D.Ky.1995) (implicit holding that earned income credit is estate property). The old distinction between an earned income credit and a tax refund is not relevant to a determination of what constitutes property of the estate under § 541(a). Rather, the inquiry is simply whether an earned income credit was a legal or equitable interest of the debtor as of the commencement of the case.

 A person eligible for an earned income credit must file a tax return in order to obtain it and in some instances may seek to recover the credit in advance. *Davis,* 136 B.R. at 207. At the time this case was filed, Debtor had filed a tax return seeking the earned income credit. Debtor's interest in the earned income credit at the time the bankruptcy case was commenced renders the credit property of the estate under § 541(a). Accordingly, Debtor must assert an appropriate exemption to remove the earned income credit from estate property otherwise available to creditors. *Goldsberry,* 142 B.R. at 159; *Davis,* 136 B.R. at 207. .

## II. Exemption as Local Public Assistance Benefit

 Section 513.430(10)(a), Missouri Revised Statutes, exempts the right to receive a "social security benefit, unemployment compensation or a local public assistance benefit." The federal earned income credit is not a social security benefit or unemployment compensation, so the question is whether, as debtor contends, it is a "local public assistance benefit." The court concludes it is not.

 "Local public assistance benefit" is not defined in Missouri's exemption statute or case law. Absent a statutory definition, the statute should be examined "according to the conventional rules of statutory construction: absent statutory definitions, we accord words and phrases their ordinary and natural meaning and avoid rendering them meaningless, redundant, or superfluous." *In the Matter of Merchants Grain, Inc.,* 93 F.3d 1347, 1353 (7th Cir.1996). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted

as taking their ordinary, contemporary common meaning." *McMillian v. Federal Deposit Insurance Corp.,* 81 F.3d 1041, 1054 (11th Cir.1996), quoting *Perrin v. United States,* 444 U.S. 37, 42–43, 100 S.Ct. 311, 314, 62 L.Ed.2d 199 (1979).

Whether in common parlance or in legal terms, and certainly in the context in this state statute, "local" denotes a space or application more limited in scope than "federal." Webster's Third New international Dictionary (1981) defines "local" as:

> [C]haracterized by, relating to, or occupying a particular place; characteristic of or confined to a particular place; not general or widespread 3. relating to what is local; not broad or general 4. current only in a particular section of a country—used of words or expressions ... 5a. primarily serving the needs of a particular limited district, often a community or minor political subdivision b. applicable in or relating to such a district only ... (local taxes). [Parenthetical examples and dictionary symbols omitted.]

Black's Law Dictionary (6th ed. 1990) defines "local government" as a "[c]ity, county, or other governing body at a level smaller than a state" and "local law" as "[o]ne which operates over a particular locality instead of over the whole territory of the state...."

These definitions indicate the term "local" in the Missouri statute references something other than a public assistance benefit or tax credit granted by federal statute. There is nothing to indicate "local" was intended to have some specialized definition within the context of this particular statute, so one must assume the legislature intended that the general, commonly understood meaning of the word be applied.

If Debtor's definition were applied to include a federal benefit, the illogical result would be that "local" would take on a meaning approaching an antonym, i.e. something federal, general, comprehensive and greater in scope than local. If the legislature had intended a broader meaning, it could have simply omitted the word "local" altogether. Alternatively, the legislature could have defined the term in the statute or employed

more explicit language, such as "federal, state or local public assistance benefit."

Use of the term "local" qualifies the type of benefits that are exemptible, as recognized in *Davis*, 136 B.R. at 207, which addressed language similar to that in Missouri's statute. The qualifying language is significant. An earned income credit is not a creation of local or even state government. Rather, it is a tax credit granted by the federal government under 26 U.S.C. § 32. Accordingly, an earned income credit is not a "local" public assistance benefit and therefore, is not exempt under the plain language of Mo.Rev. Stat. § 513.430(10)(a).

Cases from other jurisdictions which exempted earned income credits from property of the estate as public assistance or social welfare benefits are distinguishable because with one exception, the state exemption statutes did not address exemptions of "local" public assistance benefits. *See, e.g., In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995); *In re Goldsberry*, 142 B.R. 158 (Bankr. E.D.Ky.1992); *In re Jones*, 107 B.R. 751 (Bankr.D.Idaho 1989).

In the exception, even though the court recognized that the term "local" qualified the type of benefits that could be exempted under Iowa's statute, it allowed exemption of the earned income credit, citing Iowa's policy to construe exemption statutes liberally, because the trustee failed to assert the credit was not a "local" public assistance benefit. *Davis*, 136 B.R. at 207. In the present case, the trustee expressly objected that the claimed exemption of the federal earned income credit did not fall within Mo.Rev.Stat. § 513.430(10)(a).

The court does not adopt debtor's argument that the earned income credit constitutes a special form of social engineering which elevates the credit beyond the plain language of the Missouri exemption statute. All government grants, as the product of a legislative body's determination of social values, are some form of social engineering. An earned income credit is the product of such a determination and unquestionably provides a monetary benefit or perhaps, used in loose terms, a "public assistance benefit" to Debtor. Again, however, the question for exemp-

tion purposes is whether the claimed exemption falls within the express language of the applicable exemption statute.

 Missouri's exemption statutes are liberally construed, *Murray v. Zuke*, 408 F.2d 483, 487 (8th Cir.1969), but "a court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant." *Davis*, 136 B.R. at 207. To characterize the federal earned income credit as a "local public assistance benefit" would substantially depart from the express language of the statute and take this court into the realm of rewriting Missouri law, a task reserved for the Missouri General Assembly.

For the foregoing reasons, it is ORDERED, ADJUDGED AND DECREED that the Trustee's Objection to Exemption is sustained as to the $1,370.00 portion of Debtor's 1995 tax refund claimed under Mo.Rev. Stat. § 513.430(10)(a).