In re Lisa Daun BROCKHOUSE, Debtor.

Bankruptcy No. 98–70108.

United States Bankruptcy Court,
C.D. Illinois.

May 13, 1998.

Jeffrey L. Soltermann, Jacksonville, IL,
for Debtor.

John L. Swartz, Springfield, IL, Trustee.

## ORDER

LARRY L. LESSEN, Bankruptcy Judge.

For the reasons set forth in an Opinion entered this day,

IT IS THEREFORE ORDERED that the Trustee's Objection to Exemption be and is hereby denied.

## OPINION

The issue before the Court is whether earned income credits are exempt as a "public assistance benefit" pursuant to 735 ILCS 5/12–1001(g)(1).

The Debtor, Lisa Daun Brockhouse, filed her petition pursuant to Chapter 7 of the Bankruptcy Code on January 14, 1998. A divorced mother of two young children, the Debtor makes $12,000 to $13,000 per year. On January 23, 1998, the Debtor filed her 1997 Federal income tax return electronically through H & R Block and obtained a "rapid refund" of her earned income tax credit for the 1997 tax year in the gross amount of $4000, which, after finance charges and fees, amounted to $3841.05. On February 23, 1998, she amended her Schedule C–Property Claimed as Exempt to include her earned income credit as an asset of the estate and to claim an exemption for the entire amount pursuant to 735 ILCS 5/12–1001(b) and 735 ILCS 5/12–1001(g)(1). The Trustee filed a timely objection to the portion of the earned income credit ($3125.05) claimed as exempt under 735 ILCS 5/12–1001(b)(1).

An earned income credit is a refundable tax credit provided for low income workers who have dependent children and who maintain a household. 26 U.S.C. § 32. Courts have characterized the earned income credit as "an item of social welfare legislation" effectuated through income tax laws. *In re Searles*, 445 F.Supp. 749, 753 (D.Conn.1978); *In re Davis*, 136 B.R. 203, 205 (Bankr. S.D.Iowa 1991). The Supreme Court has observed that "[t]he earned income credit was enacted to reduce the disincentive to work caused by the imposition of social security taxes on earned income ... and to provide relief for low-income families hurt by

rising food and energy prices". *Sorenson v. Secretary of Treasury,* 475 U.S. 851, 864, 106 S.Ct. 1600, 1608–09, 89 L.Ed.2d 855 (1986).

■ Courts are split on the question of whether an earned income credit constitutes property of the estate pursuant to 11 U.S.C. § 541(a). The early cases addressing this issue generally found that earned income credits are not property of the estate. *See, In re Searles, supra; In re Hurles,* 31 B.R. 179 (Bankr.S.D.Ohio 1983). The clear trend of the recent cases, however, is to hold that earned income credits are property of the estate. *In re Montgomery,* 219 B.R. 913 (10th Cir. BAP 1998); *In re Barnett,* 214 B.R. 632, 633 (Bankr.W.D.Okla.1997); *In re Fraire,* 1997 WL 45465 (D.Kan.); *In re Goertz,* 202 B.R. 614, 616 (Bankr.W.D.Mo. 1996); *In re George,* 199 B.R. 60, 61 (Bankr. N.D.Okla.1996). In light of the broad definition of "property" under the Bankruptcy Code, the Court agrees with the recent cases which find that earned income credits are property of the estate.

■ Pursuant to the authority granted to it by 11 U.S.C. § 522(b), the State of Illinois has chosen to opt out of the federal schedule of exemptions. Debtors in Illinois are required to use the exemptions provided by Illinois law. 735 ILCS 5/12–1201. *In re Ball,* 201 B.R. 204 (Bankr.N.D.Ill.1996). Accordingly, the Debtor has claimed part of her federal earned income credit as exempt under 735 ILCS 5/12–1001(g)(1). This provision grants an exemption for the debtor's right to receive "a social security benefit, unemployment compensation, or public assistance benefit". The focus of this proceeding is on whether earned income credit is a "public assistance benefit". This is an issue of first impression in Illinois.

A number of courts from other jurisdictions have addressed the exemptibility of earned income credits, but only five courts have discussed the exemption in the context of a "public assistance" benefit similar to the Illinois exemption statute. *In re Goertz, supra; In re Brown,* 186 B.R. 224 (Bankr. W.D.Ky.1995); *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky.1992); *In re Davis, supra; In re Jones,* 107 B.R. 751 (Bankr.D.Idaho 1989).

*In re Goertz* is distinguishable from the facts in this proceeding because the Missouri statute provided an exemption for "a *local* public assistance benefit". (emphasis added). The court focused on the qualifying word "local", and noted that the earned income credit is not a product of the local or state government. 202 B.R. at 618. The court concluded that the earned income credit is not exempt under the plain language of the Missouri statute because it is not a local public assistance benefit. *Id.* at 618. *In re Davis, supra,* also addressed an exemption for a "*local* public assistance benefit". (emphasis added). However, the court allowed the exemption for earned income credit, citing Iowa's policy of liberally interpreting exemption statutes and the trustee's failure to argue that the earned income credit was not a "local" public assistance benefit. 136 B.R. at 203.

Under Idaho law, an individual is entitled to exempt benefits received under "public assistance legislation". *In re Jones, supra,* 107 B.R. 751, n. 1. The Idaho bankruptcy court noted that the earned income credit was an item of social welfare legislation which was intended to provide low income families with the means by which to live. *Id.* at 751–52. The court further observed that the earned income tax credit "helps to provide the congressional mandated 'fresh start' in the postbankruptcy period". *Id.* at 752. Accordingly, the court concluded that the earned income credit was social welfare relief which was exempt under Idaho law. *Id.* at 752.

*In re Jones, supra,* and *In re Brown, supra,* discussed the earned income credit in light of the Kentucky exemption for public assistance benefits. Both courts concluded that the earned income credit met the Kentucky definition of "public assistance" because it is a money grant to poor working families with dependent children. *In re Goldsberry, supra,* 142 B.R. at 159; *In re Brown, supra,* 186 B.R. at 227. Therefore, earned income credit is exempt under Kentucky law.

Other courts have been sympathetic to debtors' claims of exemptions in earned in-

come credits. For example, an Ohio court rejected an exemption for earned income credit as disability payments or Aid to Dependent Children payments under the Ohio exemption law. *In re Beagle,* 200 B.R. 595, 597 (Bankr.N.D.Ohio 1996). Nevertheless, the court indicated that Congress likely intended earned income credits to be exempt property:

> Leaving [earned income credit] payments subject to the satisfaction of general obligations of the recipient appears to be wholly at odds with Congress' intent for enacting the earned income credit program.

*Id.* at 598.

The strongest language in support of exempting earned income credits may be found in *In re Barnett, supra,* where the court allowed an exemption in earned income credits under Oklahoma law because they are in the nature of earnings from personal services:

> [W]e are dealing here with 'poor, but honest' debtors for whom the government has enacted laws intended to relieve their extreme poverty. These are not the 'high flying' debtors with above-average incomes that this Court frequently encounters. The debtors in this case are truly in need of a 'fresh start' which the Bankruptcy Code was designed to provide. It is difficult to understand why more effort is not expended by other counsel, the trustees, and the courts to permit impoverished debtors to keep their earned income credit rather than expending time, effort and legal skills in trying to take the earned income credit away from such debtors. (Footnote omitted).

214 B.R. at 634.

The Illinois exemption statutes were enacted to protect debtors and their families by securing to them the necessary shelter and personal property required for their welfare in difficult economic circumstances. *In re Allman,* 58 B.R. 790, 793 (Bankr.C.D.Ill.1986); *State Bank of Antioch v. Nelson* 132 Ill.App.3d 120, 87 Ill.Dec. 476, 477 N.E.2d 77 (1985). Accordingly, the exemption statutes should be liberally construed in favor of the debtor. If it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen. *In re Barker,* 768 F.2d 191, 196 (7th Cir.1985). Given this liberal construction of exemption statutes and the case law on this issue, the Court is persuaded that earned income credits are exempt pursuant to 735 ILCS 5/12–1001(g)(1). This conclusion is consistent with the fresh start policy of the Bankruptcy Code, the purpose of the earned income credit of providing a payment to low income families to help them meet the basic costs of life, and the purpose of the Illinois exemption statutes of protecting debtors and their families.

For the foregoing reasons, the Court finds that earned income credits are exempt as a "public assistance benefit" pursuant to 735 ILCS 5/12–1001(g)(1). Therefore, the Trustee's Objection to Exemption is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.