IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30605

Summary Calendar
_____

In The Matter Of: JEFFREY DALE COLLINS, also known as Jeff Collins

Debtor

_____

JOHN W LUSTER, Trustee of the Bankruptcy Estate of Jeffrey Dale
Collins also known as Jeff Collins

Appellant,

v.

JEFFREY DALE COLLINS, also known as Jeff Collins

Appellee

_____

Appeal from the United States District Court
for the Western District of Louisiana
_____

April 5, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:

The trustee of Jeffrey Dale Collins's bankruptcy estate
appeals an exemption Collins received for anticipated Earned Income
Tax Credit payments under 26 U.S.C. § 32. The bankruptcy court and
the district court rejected the trustee's objections to the
exemption. Both courts relied on other lower court opinions,

acknowledging that some bankruptcy courts have construed the relevant provision of Louisiana law differently. We have jurisdiction under 28 U.S.C. § 158(d) and review the issue de novo.

A bankruptcy estate ordinarily includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The debtor, however, may claim exemptions provided by law. Congress offered a detailed scheme of exemptions in § 522(d), but allowed states to opt out in favor of their own exemptions. See id. § 522(b). Louisiana has exercised this option and has provided, "All assistance shall be inalienable by any assignment or transfer and shall be exempt from levy or execution under the laws of this state." La. Rev. Stat. § 46:111. "Assistance" is defined by a statute in the same title of the code as "money payments under this Title." Id. § 46:1(6).

Collins would be entitled to the exemption only if the EITC is part of the "all assistance" referred to in § 46:111. It is plainly not, because the federal credit is not a "money payment under this Title." Collins presses that "all assistance" would be redundant if it simply meant "money payments under this Title," and that the legislature used the word "all" to make clear that any kind of assistance would be covered. This is a weak argument. Substituting the definition into the provision allows an exemption for "all money payments under this Title." This is not redundant, because it forecloses the possibility that a court might read the

2

statute as covering some or most but not all "money payments under this Title."

The canons of interpretation are suspicious of surplussage. But we cannot allow these canons to produce absurd results when a legislature has sought to make a statute crystal clear rather than just clear. Louisiana defines the "assistance" that it allows debtors to exempt. The word "all" does not reveal that the legislature intended to bypass the definition it had crafted in favor of a broader one left undefined. The most basic rule of construction is that when a statute is unambiguous, it means what it says. We cannot invent ambiguities where linguistically there are none.

The bankruptcy and district courts thus erred in granting the exemption. The trustee's objections should be sustained.

REVERSED.