**In re Mary Kathleen TRUDEAU, Debtor.**

**Mary Kathleen Trudeau, Appellant,**

v.

**Randy Royal, Trustee, Appellee.**

BAP No. WY–99–021.
Bankruptcy No. 98–21647.

United States Bankruptcy Appellate Panel of the Tenth Circuit.

Sept. 1, 1999.

---

Georg Jensen, Cheyenne, Wyoming, for Appellant.

Randy L. Royal, pro se.

Before CLARK, BOHANON, and PEARSON, Bankruptcy Judges.

## OPINION

PEARSON, Bankruptcy Judge.

The debtor, Mary Kathleen Trudeau ("debtor") appeals an order of the United States Bankruptcy Court for the District of Wyoming holding that her tax refund, including earned income credit ("earned income credit" or "EIC"), was property of the estate under 11 U.S.C. § 541(a) and denying debtor's claim of exemption. For the reasons set forth below, we affirm the bankruptcy court's order.

## I. Appellate Jurisdiction

This Court, with the consent of the parties, has jurisdiction to hear timely-filed appeals from "final judgments, orders, and decrees" of bankruptcy courts within the Tenth Circuit. 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1). Under this standard, we have jurisdiction over this appeal. The parties have consented to this Court's jurisdiction in that they have not opted to have the appeal heard by the United States District Court for the District of Wyoming. *Id.* at § 158(c); 10th Cir. BAP L.R. 8001–1(a) and (d). The appeal was filed timely by the debtor, and the bankruptcy court's order is "final" within the meaning of § 158(a)(1). *See* Fed. R.Bankr.P. 8001–8002.

## II. Standard of Review

The debtor does not ascribe error to the bankruptcy court's findings of fact. In reviewing whether the court's order holding that the earned income credit was property of the estate and is not exempt is correct as a matter of law, we review the case *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988). *De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision. *Salve Regina College v. Russell*, 499 U.S. 225, 238, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## III. Background

The debtor filed a Chapter 7 case on November 30, 1998. The debtor's 1998 federal income tax return shows that the debtor's wages for 1998 were $15,287.00, which, after taking a standard deduction, resulted in taxable income of $3,637. The debtor's federal tax liability for 1998 was $544 and, but for a $400 child tax credit, the debtor would have owed $42 in federal

income tax. As a result of the $400 child tax credit, the debtor was entitled to a $358 tax refund. Additionally, due to the debtor's low income, single status, and minor dependent, the debtor qualified for $1,789 in earned income credit. Her total 1998 tax refund, including the earned income credit, was $2,147.

Debtor asserted that the tax refund, including the earned income credit was not property of the estate due to the filing of the petition before the end of the calendar year. The debtor alternatively claimed her earned and unpaid wages, including earned income credit, exempt under 15 U.S.C. § 1673 to the extent of 75%. Debtor also claimed the same as exempt under Wyo. Stat. Ann. § 1–15–408(b) (Michie 1997) up to 75%, and 100% exempt under Wyo. Stat. Ann. § 42–2–113 (Michie 1997). The trustee objected to the debtor's claimed exemption. The bankruptcy court denied debtor's claims, holding that the tax refund and earned income credit were property of the estate and were not exempt under any of the statutes listed. This appeal followed.

## IV. Discussion

■ The threshold issue is whether debtor's income tax refund, including the earned income credit, is property of the estate under 11 U.S.C. § 541(a)(1). The United States Supreme Court and the Tenth Circuit have held that 1) money received through tax refunds is property of the estate, and 2) that money received through earned income credits is classified as overpayments to be refunded and is also property of the estate. In *Segal v. Rochelle*, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966), the Court held that a debtor's claim for loss-carryback refunds constituted "property" under § 70a(5) of the Bankruptcy Act, the predecessor of § 541. The Court stated, "the term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." *Id.* at 379, 86 S.Ct. 511. Ultimately, the Court

held that the refund was property of the estate since it was "sufficiently rooted in the pre-bankruptcy past and so little entangled with the bankrupts' ability to make an unencumbered fresh start." *Id.* at 380, 86 S.Ct. 511. *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974), reaffirmed *Segal*, holding that an income tax refund is property of the estate. The Tenth Circuit has applied both of these cases under the Bankruptcy Code, holding that an income tax refund attributable to the prepetition year is property of the estate under § 541(a)(1). *Barowsky v. Serelson (In re Barowsky)*, 946 F.2d 1516 (10th Cir.1991).

In *Sorenson v. Secretary of the Treasury of the United States*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986), the Court held that earned income credits constitute tax refunds. The holding was premised on the fact that "[u]nlike certain other credits, which can be used only to off-set tax that would otherwise by owed, the earned-income credit is 'refundable.'" *Id.* at 854, 106 S.Ct. 1600. "The refundability of the earned-income credit is thus inseparable from its classification as an overpayment of tax." *Id.* at 859, 106 S.Ct. 1600. The excess amount is considered an overpayment and the individual "receives the difference as if he had overpaid his tax in that amount." *Id.* at 855, 106 S.Ct. 1600.

Finally, in *Williamson v. Montgomery (In re Montgomery)*, 219 B.R. 913, 916 (10th Cir. BAP 1998), another panel of this Court held that a tax refund, including earned-income credits, was property of the estate. The panel based its decision on *Sorenson* and a broad interpretation of § 541. "Legislative history indicates section 541 is intended to be given a broad definition to include 'all kinds of property, including tangible or intangible property.... [I]t includes as property of the estate all property of the debtor, even that needed for a fresh start.'" *Id.* (alteration in original) (quoting H.R.Rep. No. 95–595, at 367 (1977)).

This binding precedent makes clear that tax refunds and earned income credits are property of the estate under § 541. The ruling of the bankruptcy court that the tax refund, including the EIC, is property of the estate is affirmed.

■ The debtor argues that she is entitled to claim the tax refund exempt under 15 U.S.C. § 1673 and/or Wyo. Stat. Ann. §§ 1–15–408(b) or 42–2–113 (Michie 1997). We will first address the arguments for exemption under 15 U.S.C. § 1673 and Wyo. Stat. Ann. § 1–15–408(b) (Michie 1997).

The § 1673 restrictions on garnishment were enacted as part of the Consumer Credit Protection Act. In response to the Act, Wyoming created a similar garnishment provision. Wyo. Stat. Ann. § 1–15–408 (Michie 1997). Both federal and state statutes, in similar language, provide that creditors may only garnish up to 25% of an individual's "aggregate disposable *earnings*" (emphasis added) for the applicable work week. 15 U.S.C. § 1673; *see* Wyo. Stat. Ann. § 1–15–408 (Michie 1997) ("accrued disposable earnings"). Earnings are defined as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise." 15 U.S.C. § 1672(a); Wyo. Stat. Ann. § 1–15–102(a)(vi) (Michie 1997).[1]

Debtor's argument fails because the EIC is not "earnings" or "disposable earnings" as defined by § 1672. The Supreme Court interpreted the terms "earnings" and "disposable earnings" in *Kokoszka*, 417 U.S. at 642, 94 S.Ct. 2431, as "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis," and " '(do) not pertain to every asset that is traceable in some way to such compensation.' " *Id.* at 651, 94 S.Ct. 2431 (alteration in original) (quoting *In re Kokoszka*, 479 F.2d 990, 997 (2d Cir.1973)). At least for the purposes of construction of § 1673, we are bound by the decision in *Kokoszka* that a tax refund (and here implicitly the EIC portion) is not "earnings."

Wyoming law is in accord with *Kokoszka* and provides no support for debtor's claim of exemption under Wyo. Stat. Ann. §§ 1–15–102 and 1–15–408(b) (Michie 1997). In *Coones v. Federal Deposit Insurance Corp.*, 796 P.2d 803, 805 (Wyo.1990), the Wyoming Supreme Court held that the words "or otherwise" in § 1–15–102 do not broaden the definition of "earnings" outside of a wage and salary characterization. "We limit any application of 'otherwise' in W.S. 1–15–102(a)(vi) to a character of third-party obligations payable for services rendered by the claimant for exemption." *Id.* at 806. *See also In re Welty*, 217 B.R. 907 (Bankr.D.Wyo.1998) (business accounts receivable are not exempt as disposable earnings). Debtor relies on *Lingle State Bank v. Podolak*, 740 P.2d 392 (Wyo.1987), which held that proceeds from the sale of a farmer's crops constituted earnings under the Wyoming Statute. Debtor's reliance on *Podolak* for support is misplaced because EICs are not analogous to earnings from crops. We affirm the bankruptcy court's ruling that the refund from earned income credits is not exempt

---

1. Debtor attempts to distinguish the holding in *Dickerson v. Manchester (In re Dickerson)*, 227 B.R. 742 (10th Cir. BAP 1998). There, a panel of this Court held that funds received as a result of earned income credits are not "earnings from personal services" under Okla. Stat. tit. 31, § 1.1.A. "Income tax refunds are not treated as earnings, and thus an earned income credit, which has been held by the Supreme Court and this Court to be a tax overpayment, likewise should not be dealt with as 'earnings' that are exempt under § 1.1.A." *Id.* at 746. The phrase "earnings from personal services" is not defined in the Oklahoma statutes and, therefore, the Court in *Dickerson* relied on a definition set forth in *Muskogee Regional Medical Authority v. Perkins*, 888 P.2d 1033, 1035 (Okla.App.1994), as " 'earnings from personal services necessary for the maintenance of a family supported wholly or partially by the labor of the debtor.' " 888 P.2d at 1035 (quoting Okla. Stat. tit. 31, § 1.1.A). *Dickerson* is persuasive in its treatment of EICs, but obviously, since it is based on Oklahoma law, we must conduct a separate analysis under Wyoming law.

under 15 U.S.C. § 1673 or Wyo. Stat. Ann. § 1–15–408 (Michie 1997).[2]

Debtor also argues that Wyo. Stat. Ann. § 42–2–113(b) (Michie 1997) creates an exemption for the EIC portion of the tax refund.[3] This statute provides that "public assistance and social services provided by this article are exempt from levy, execution, attachment, garnishment or other legal process or debt collection remedy." Wyo. Stat. Ann. § 42–2–102(a)(vi) (Michie 1997) states: "'Public assistance' means financial assistance in the form of a performance payment, vendor payment, food stamps or a payment under the minimum medical program." "Performance payment" is defined in Wyo. Stat. Ann. § 42–2–102(a)(v) (Michie 1997) as "an amount payable to or on behalf of an eligible recipient." Wyoming case law does not provide assistance in defining this last term.

The debtor's earned income credit is not exempt under § 42–2–113. Very simply, the earned income credit is not a welfare grant but an incentive to work. The Supreme Court has stated, "the legislative history of § 43 did not suggest that the earned-income credit was intended primarily as a type of welfare grant; rather, it was meant to negate the disincentive to work caused by Social Security taxes." *Sorenson*, 475 U.S. at 858, 106 S.Ct. 1600, *quoted in Dickerson*, 227 B.R. at 745. The earned income credits do not fall under the definition of food stamps, vendor payments, or medical payments, and debtor has not argued that they are included in the definition of performance payment. These types of assistance are clearly in the form of a welfare grant, while earned income credits are tax overpayments. Obviously, the Wyoming legislature could have included earned income credits in the definition of public assistance and has chosen not to do so. Therefore, we hold that earned income credits are not exempt under Wyo. Stat. Ann. § 42–2–113(b) (Michie 1997) as public assistance.

## V. Conclusion

Earned income credits are property of the estate under § 541. A tax refund that includes money from earned income credits is not exempt as earnings under Wyo. Stat. Ann. § 1–15–408 (Michie 1997), or 15 U.S.C. § 1673, nor is it exempt as public assistance under Wyo. Stat. Ann. § 42–2–113(b) (Michie 1997). The holding of the bankruptcy court is AFFIRMED.

---

2. Other courts have held that tax refunds are not "earnings." *See Wallerstedt v. Sosne (In re Wallerstedt)*, 930 F.2d 630 (8th Cir.1991) (tax refund is not "earnings" under Missouri exemption statute); *In re Lancaster*, 161 B.R. 308 (Bankr.S.D.Fla.1993); *In re Orndoff*, 100 B.R. 516 (Bankr.E.D.Cal.1989); *In re Verill*, 17 B.R. 652 (Bankr.D.Md.1982).

3. Several courts have held that money received through earned income credit is exempt as "public assistance." However, these cases have been decided on the specific definition of "public assistance" in the statute at issue. *E.g., In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky.1995) ("public assistance" definition included money grants to needy children or to persons with whom a needy child lives.)