Linda **FLANERY**, Appellant,

v.

**Harry L. MATHISON, Jr.,
Trustee, Appellee.**

**Tasha Michelle Rainey, Appellant,**

v.

**Harry L. Mathison, Jr.,
Trustee, Appellee.**

Nos. CIV.A. 4:02–CV–203–M,
CIV.A. 4:02–CV–204–M.

United States District Court,
W.D. Kentucky,
Owensboro Division.

Jan. 10, 2003.

Jennifer E. Spreng, Harrington & Fowler, Owensboro, KY, for appellant.

Harry Mathison, Henderson, KY, pro se.

## MEMORANDUM OPINION AND ORDER

MCKINLEY, District Judge.

These cases are before the Court on appeal from the United States Bankruptcy Court for the Western District of Kentucky. Having been fully briefed, they now stand ripe for decision. For the reasons discussed below, the decision of the bankruptcy court is **REVERSED**.

### I. BACKGROUND

These cases concern the exemption of the Earned Income Tax Credit (EITC). The bankruptcy court entered an order directing the Debtors to turnover their tax refunds to the Trustee. The Debtors objected, arguing that Kentucky law exempted the EITC portion of the refunds from turnover. The Debtors' cases were subsequently consolidated with several other cases where turnover of the EITC was at issue. On August 12, 2002, the bankruptcy court issued an order concluding that the EITC could not be exempted under Kentucky law. It is from that order that these Debtors now appeal.

### II. STANDARD OF REVIEW

■ This Court sits as a court of appellate review for decisions of the bankruptcy court. 28 U.S.C. § 158(a). The Court reviews the judgment of the bankruptcy court directly and follows its findings of fact unless clearly erroneous. *See Canadian Pac. Products Ltd. v. J.D. Irving, Ltd. (In re Gibson Group, Inc.)*, 66 F.3d 1436, 1440 (6th Cir.1995). Conclusions of law, however, are reviewed de novo. *Wesbanco Bank Barnesville v. Rafoth (In re Baker &*

*Getty Fin. Services, Inc.)*, 106 F.3d 1255, 1259 (6th Cir.1997).

## III. DISCUSSION

The primary issue on appeal is whether the EITC qualifies as "public assistance" entitled to exemption under Kentucky law.[1]

### A. The Statutory Framework of Exemptions Under Kentucky Law

 It is well-settled in this Circuit that the EITC portion of a tax refund constitutes "property of the estate" under 11 U.S.C. § 541. *Johnston v. Hazlett (In re Johnston)*, 209 F.3d 611, 613 (6th Cir. 2000). Chapter 7 of the Bankruptcy Code, however, allows debtors to exempt certain property. The Bankruptcy Code sets forth a list of default exemptions, but allows states to opt out of these default exemptions in favor of their own state-law exemptions. Kentucky is an opt-out state and, consequently, Kentucky law governs the question of whether the Debtor's EITC falls within an exemption.

K.R.S. 205.220(3), the exemption statute at issue here, provides for an exemption of all public assistance benefits. Specifically, it provides:

Public assistance shall not be assignable and shall be exempt from levy or execution. Furthermore, no assignment, pledge or encumbrance of any right to benefits due or payable under this chapter shall be valid. *Public assistance benefits*, as long as they are not mingled with other funds of the recipient, shall be exempt from any remedy for the

collection of all debts, liens and encumbrances. No waiver of any exemption provided for in this subsection shall be valid.

K.R.S. 205.220(3) (emphasis added).

Under Kentucky law, the term "public assistance" is defined as "money grants, assistance in kind, or services to or for the benefit of needy aged, needy blind, needy children, or persons with whom a needy child lives or a family containing a combination of these categories ...." K.R.S. 205.010(3). Thus, if an EITC falls within this definition, it must be exempted from turnover pursuant to K.R.S. 205.220(3).

### B. The Established Precedent of *In re Brown*

In 1995, the bankruptcy court decided *In re Brown*, 186 B.R. 224 (Bankr.W.D.Ky. 1995), holding that the question of whether an EITC is "public assistance" as defined in K.R.S. 205.010(3), and thus exempt under K.R.S. 205.220(3), is to be determined on a case-by-case basis. *See id.* at 227 ("[Having concluded that the EITC is a public assistance grant], the Court must next determine whether *this particular monetary grant* falls within the scope of the definition of 'public assistance' as defined by K.R.S. 205.010(3), so as to be classified as exempt under K.R.S. 205.220(3).") (emphasis added). Most relevant to that case was the definition's inclusion of "money grants" to "needy children, or persons with whom a needy child lives." After examining the definition of "needy child" set forth in K.R.S. 205.010(4)[2], the

---

1. The Debtor argues that the Bankruptcy Court's decision was an improper advisory opinion, as it decided an issue not in controversy between the parties. Although the Bankruptcy Court disposed of the case in a way not argued by either party, it clearly addressed an actual "case or controversy."

Thus, the bankruptcy court's order was not advisory.

2. A "needy child" is defined by K.R.S. 205.010(4) as "a child who has been deprived of parental support by reasons prescribed by regulations within the scope of Title IV of the Social Security Act, its amendments, and who

court determined that the debtor's child met the definition, thereby qualifying the debtor's EITC as exempt "public assistance."

In the court below, both the Debtor and the Trustee acknowledged that *In re Brown* was controlling.[3] The Debtor, however, argued that *all* EITCs should be exempt, rather than evaluating each EITC on a case-by-case basis. The Trustee, on the other hand, merely sought clarification from the bankruptcy court "that the exemption cannot be claimed automatically but rather must be based on a showing that the debtor meets the requirements of 'public assistance' that appears in the statute." (Br. In Supp. of Objection to Exemption at 2.) Rather than expanding upon or clarifying the holding of *In re Brown*, the bankruptcy court overruled it altogether, holding that debtors may *never* exempt the EITC as "public assistance" under K.R.S. 204.220(3).

In reaching its decision, the bankruptcy court relied heavily on *Sorenson v. Sec'y of the Treasury of the U.S.*, 475 U.S. 851, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986). *Sorenson* dealt with provisions of the Internal Revenue Code and the Social Security Act which directed the Secretary of the Treasury to "intercept" the tax refunds of persons who were delinquent in their child-support payments. Faced with an issue of statutory construction, the Supreme Court held that EITCs were subject to "interception" because the Internal Revenue Code defined the EITC as an "overpayment." Although the court in *In re Brown* cited Sorenson in support of its decision that the EITC is public assistance, the court below concluded that "*Sorenson's* instruction of the nature of the [EITC] mandates a finding that the [EITC] is not in the nature of public assistance but rather is a refunded tax overpayment." (Mem. Op. at 3.) This Court disagrees and finds the lower court's reliance on *Sorenson* misplaced.

### C. The Effect of *Sorenson*

The Court finds much of Sorenson to be inapplicable to the issue presented here. The Supreme Court was concerned in *Sorenson* only with statutory construction. The bankruptcy court reads *Sorenson's* interpretation of the Internal Revenue Code as a pronouncement of the "nature" of the EITC and concludes "[t]hus, the Supreme Court clearly classifies the EIC as a tax overpayment, not as a public assistance grant." That is an overstatement of the holding of *Sorenson*. The Supreme Court did find that the Internal Revenue Code considered the amount of excess credit to be an "overpayment." However, to suggest that the Supreme Court decided that the EITC was not public assistance is incorrect. Although the Supreme Court agreed that the legislative history of the EITC did not suggest that it was intended *primarily* as a type of welfare grant, it recognized that one of the purposes the EITC was "to provide relief for low-income families hurt by rising food and energy prices." *Id.* at 864, 106 S.Ct. 1600. Whether the EITC is public assistance was not answered by *Sorenson* because that question was never before it.

In addition to *Sorenson*, the bankruptcy court stated it found support for its decision in the recent Sixth Circuit opinion

---

does not have otherwise provided to him a subsistence compatible with decency and health."

**3.** Specifically, the Trustee acknowledged that *In re Brown* was "correct and should not be reversed." (Br. In Supp. of Objection to Ex-

emption at 2.) On appeal, however, the Trustee *now* contends that *In re Brown* was wrongly decided and that the EITC represents a refund or "overpayment" of social security taxes and, as such, can *never* be exempted.

holding that the EITC is property of the estate. *In re Johnston,* 209 F.3d 611 (6th Cir.2000). In *In re Johnston,* the Sixth Circuit Court of Appeals simply agreed with Tenth Circuit Bankruptcy Appellate Panel in *Baer v. Montgomery (In re Montgomery),* 219 B.R. 913 (10th Cir. BAP 1998) which held that the EITC is property of the bankruptcy estate. However, the exemption issue was not before either appellate panel or before the Sixth Circuit.

The bankruptcy court also found support in *Trudeau v. Royal (In re Trudeau),* 237 B.R. 803 (10th Cir. BAP 1999), a case rejecting the modern trend of EITC exemptions. In that case, the Bankruptcy Appellate Panel of the Tenth Circuit held that the debtor's EITC was not exempt under Wyoming's exemption statute, which exempted "public assistance and social services *provided by this article.*" *Id.* at 807 (emphasis added). What is instructive about *Trudeau* is not that the court determined that the EITC did "not fall under the definition of food stamps, vendor payments, or medical payments," but that it engaged in the analysis to decide *if* the EITC fell into the definition of the exemption statute.

The bankruptcy court's insistence that if the EITC is a tax refund it cannot also be public assistance ignores the reality of the statutory scheme and the purposes of the EITC. While the EITC is given effect through the income tax return, it is not really a tax refund because eligibility for the credit does not depend on the payment of any federal income tax. The excess amount is **considered** an overpayment and is paid to an individual **as if** he had overpaid his tax in that amount. The fact that Congress chose this mechanism as a way to deliver the assistance does not negate the fact that the EITC is a form of relief for low-income families hurt by rising food and energy prices.

## D. The Modern Trend of Exempting EITCs as "Public Assistance"

While there is no binding precedent, Supreme Court or otherwise, on the issue, the modern trend among courts is that EITCs fall within the classification of public assistance. For example, in *In re Goldsberry,* 142 B.R. 158 (Bankr.E.D.Ky. 1992), the Bankruptcy Court for the Eastern District of Kentucky, interpreting the very statute at issue here, held (after *Sorenson)* that "the earned income credit may be exempted pursuant to KRS 205.220(3)." *Id.* at 159. Certain courts have refused to classify the credit as "wages" or "earnings," but for the most part, courts interpreting similarly worded statutes have reached the conclusion that the EITC is public assistance. *See In re Longstreet,* 246 B.R. 611 (Bankr.S.D.Iowa 2000) (holding that Iowa exemption for "any public assistance benefit" was broad enough to include EITC); *accord In re Davis,* 136 B.R. 203 (Bankr.S.D.Iowa 1991); *In re Brockhouse,* 220 B.R. 623 (Bankr.C.D.Ill. 1998) (holding the EITC exempt under Illinois's exemption for a "public assistance benefit"); *accord In re Fish,* 224 B.R. 82 (Bankr.S.D.Ill.1998).

As evidenced by the cases cited above, "the bankruptcy courts construing ... state-law exemptions from other States have been essentially unanimous in finding the [EITC] to be exempt ...." *Brasher v. McGregor (In re Brasher),* 253 B.R. 484, 486 (M.D.Ala.2000) (citations omitted). Until its decision below, overruling *In re Brown,* the Bankruptcy Court for the Western District of Kentucky was among these courts.

This Court believes that *In re Brown* was decided correctly. The EITC is a public assistance grant used to combat poverty. It is an essential and significant

component of the work support system which has replaced the old welfare system.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the decision of the bankruptcy court is **REVERSED**, and these cases are **REMANDED** for further proceedings consistent with this opinion. The bankruptcy court shall decide the question posed by the parties, that is, whether to exempt EITCs in every case or only on a case by case basis after a showing that the debtor meets the requirements of the definition of "public assistance."