**In re Kim SU THOMPSON, Debtor.**

**No. BD–S–05–14117–LBR.**

United States Bankruptcy Court, D. Nevada.

Nov. 1, 2005.

Dorothy G. Bunce, Las Vegas, NV, for Debtor.

**ORDER GRANTING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION**

LINDA B. RIEGLE, Bankruptcy Judge.

The issue in this case is whether a federal earned income credit may be exempted pursuant to Nevada law either as "assistance" under N.R.S. § 422.291 or as "vocational rehabilitation maintenance" under N.R.S. § 615.270. For the reasons explained below this Court holds that a federal earned income credit is not exempt under Nevada law.

The debtor filed a Chapter 7 petition on May 5, 2005. Her schedules show that she has four children, is employed and receives both food stamps and § 8 housing assistance. The debtor has claimed an exemption in that portion of her 2005 federal tax return attributable to an earned income credit. The Trustee objects to the claimed exemption on the stated grounds that the federal earned income credit is not exempt under Nevada law.

▮ The earned income credit is codified in the Internal Revenue Code at 26 U.S.C. § 32.[1] In general, the federal earned income credit is a credit for low-income workers which is delivered through the federal tax system.[2] The amount of the credit paid depends primarily on a taxpayer's earnings and the number of children in the household.[3] The earned income credit is paid as if it were a tax refund. That is, if the earned income credit exceeds a person's tax liability, the excess amount is considered an "overpayment"[4] and is refunded.[5] Persons can receive a credit even if they owe no tax and had no income withheld.[6]

Courts have characterized the earned income credit as "government aid to needy persons," *In re James,* 406 F.3d 1340, 1344 (11th Cir.2005) and "social welfare relief," *In re Jones,* 107 B.R. 751, 752 (Bankr.D.Idaho 1989). The purpose of the earned income credit has been explained by the United States Supreme Court as follows:

> The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices.

*Sorenson v. Secretary of the Treasury,* 475 U.S. 851, 864, 106 S.Ct. 1600, 89 L.Ed.2d 855 (1986).[7] The Ninth Circuit has described the earned income credit as "intended to assist poor families and give them an incentive to work." *Vanscoter v. Sullivan,* 920 F.2d 1441, 1448 (9th Cir. 1990).

The debtor has claimed her federal earned income tax credit as exempt under N.R.S. § 422.291.[8] That statute grants an exemption to monies paid or payable under

---

1. 26 U.S.C. § 32(a)(1) provides:
   In the case of an eligible individual, there shall be allowed as a credit against the tax imposed by this subtitle for the taxable year an amount equal to the credit percentage of so much of the taxpayer's earned income for the taxable year as does not exceed the earned income amount.

2. *See* 1 Standard Federal Tax Reporter (CCH) ¶ 4080 at 15,651–3 (2005).

3. 26 U.S.C. § 32(b).

4. 26 U.S.C. § 6401(b).

5. 26 U.S.C. § 6402(a).

6. Mertens Law of Fed. Income Tax §§ 32:86 (2003), citing IRS Pub. No. 678 (Rev.1996) p. 121.

7. Citing S.Rep. No. 94–36, pp. 11, 33 (1975); H.R.Rep. No. 94–19, pp. 3–4, 29–31 (1975), U.S.Code Cong. & Admin.News 1975, pp. 54, 64, 84; Hearings on H.R. 2166 before the Senate Committee on Finance, 94th Cong., 1st Sess., 66, 315 (1975); Hearings before the House Committee on Ways and Means on the President's Authority to Adjust Imports of Petroleum; Public Debt Ceiling Increase; and Emergency Tax Proposals, 94th Cong., 1st Sess., 661, 742–743, 797 (1975); 121 Cong. Rec. 4609 (1975).

8. Nevada is an "opt-out" state. A bankruptcy debtor is therefore entitled to claim any exemptions allowable under state and non-bankruptcy federal law. 11 U.S.C. § 522(b)(2)(A).

Nevada-administered public welfare programs. Specifically, N.R.S. § 422.291 provides:

> *Assistance awarded pursuant to the provisions of this chapter* is not transferable or assignable at law or in equity and *none of the money paid or payable under this chapter* is subject to execution, levy, attachment, garnishment or other legal process, or to the operation of any bankruptcy or insolvency law. (Emphasis added).

"This chapter" refers to Chapter 422 of the Nevada Revised Statutes ("Administration of Welfare Programs"), which governs the public assistance which is administered by the State of Nevada. The term "public assistance" is defined by N.R.S. 422.050 as follows:

1. "Public assistance" includes:

    (a) State supplementary assistance;

    (b) Temporary assistance for needy families;

    (c) Medicaid;

    (d) Food stamp assistance;

    (e) Low-income home energy assistance;

    (f) The program for child care and development; and

    (g) Benefits provided pursuant to any other public welfare program administered by the welfare division or the division of health care financing and policy pursuant to such additional federal legislation as is not inconsistent with the purposes of this chapter.

2. The term does not include the children's health insurance program.

A federal earned income credit is simply not paid or payable pursuant to a state-administered public welfare program under Chapter 422 but instead is delivered through the mechanism of a refundable credit pursuant to federal tax law. The State of Nevada neither funds nor administers the federal earned income credit. The statute is clear on its face. To characterize the federal earned income credit as paid under a Nevada-administered welfare program would amount to a re-writing of state law, a task which is reserved to the legislature.

A number of courts have exempted earned income credits as "public assistance" under their respective state exemption statutes, and at least one court has noted that "the modern trend among courts is that [earned income credits] fall within the classification of public assistance." *Flanery v. Mathison,* 289 B.R. 624, 628 (W.D.Ky.2003). For example, in *In re Brasher,* 253 B.R. 484 (M.D.Ala. 2000), the district court determined that the earned income credit fell within the broad language of an Alabama statute which exempted "[a]ll amounts paid or payable as public assistance to needy persons." [9] The court characterized an earned income credit as more than mere tax relief and "in essence, a grant," and held that the statute was broad enough to encompass more than only state public assistance. Similarly, in *In re Jones,* 107 B.R. 751 (Bankr.Idaho 1989), the bankruptcy court determined that an earned income credit was in the nature of "social welfare relief" and could be exempted under an Idaho statute that exempted "benefits the individual is entitled to receive under federal, state, or local public assistance legislation...." [10]

Unlike the statutes in other states which define "public assistance" broadly, the Nevada statute limits the public assistance exemption to monies paid *"under this chapter."* (Emphasis added). Given the

---

**9.** Ala. Code § 38–4–8.

**10.** Idaho Code § 11–603(4).

restrictive statutory language of "under this chapter," this Court concludes that earned income credit is not exempt under N.R.S. § 422.291. *See In re Collins*, 170 F.3d 512 (5th Cir.1999)(earned income credit not exempt under Louisiana statute which specifically defined exempted assistance to mean "money payments *under this title)."* (Emphasis added). *See also, In re Trudeau*, 237 B.R. 803 (10th Cir. BAP 1999)(earned income credit not "public assistance" under Wyoming statute which exempted "public assistance and social services provided *by this article."*)(emphasis added); *In re Goertz*, 202 B.R. 614 (Bankr.W.D.Mo.1996)(refusing to interpret the term "local public assistance benefit" to include the federal earned income credit).

 This Court is not without sympathy for the debtor's circumstances. The Court notes that other state legislatures, obviously recognizing the character of the earned income credit and its importance to those in need, have enacted statutes which specifically exempt it from execution.[11] The Court must, however, apply statutes as they are written. It is bound by the Nevada rules of statutory construction, *In re Reaves*, 285 F.3d 1152, 1156 (9th Cir. 2002), which require that "when a statute is clear on its face, a court may not go beyond the language of the statute in determining the legislature's intent." *University and Community College System of Nevada v. Nevadans for Sound Government*, 120 Nev. 712, ——, 100 P.3d 179, 193 (2004). Bankruptcy courts are not empowered to rewrite state statutes when

they imagine that if the legislature were to examine them, it would do so. *See In re Tanzi*, 297 B.R. 607, 612 n. 7 (9th Cir. BAP 2003)("the court's role is to interpret and apply statutes, not rewrite them. The plain meaning of a facially clear and unambiguous statute must be enforced despite well-reasoned policy implications to the contrary.").

 The Court also holds that the debtor cannot exempt the earned income credit as maintenance to a handicapped individual under N.R.S. § 615.270. The trustee correctly argues that the debtor has failed to show that the statute applies or that a handicapped individual, as defined in N.R.S. 615.110, is present in this case. *See In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999)(objecting party has initial burden to prove that exemption is not proper, but if objecting party can produce evidence to rebut exemption then burden of production shifts to debtor to demonstrate that exemption is proper).

Based upon the facts as presented by the debtor this Court is unaware of any state exemption, or nonbankruptcy federal exemption, which might apply to exempt the earned income credit.[12] Accordingly, the trustee's objection is granted.

**IT IS SO ORDERED.**

---

11. For example, Colorado exempts "[t]he full amount of any federal or state earned income credit tax credit refund." Colo. Rev. Stat. § 13–54–102(1)(*o*). Similarly, the State of Oregon exempts "[t]he debtor's right to receive an earned income tax credit under the federal tax laws and any moneys that are traceable to a payment of an earned income

tax credit under the federal tax laws." Or. Rev. Stat. § 18.345(1)(n).

12. Congress has chosen to set forth specific exemptions for social security payments (42 U.S.C. § 407), veterans' benefits (38 U.S.C. § 5301), and longshoremen and harbor worker's benefits (33 U.S.C. § 916), for example.

Counsel for the debtor has conceded that there is no specific nonbankruptcy federal exemption for the earned income credit.